(20 Misc. Rep. 595.)

### MITCHELL v. CLARY.

(Supreme Court, Appellate Term.   July 1, 1897.)

LANDLORD AND TENANT—INCREASE IN RENT—NOTICE.
 Pending the completion of an exchange of real estate between plaintiff's assignor, D., and defendant, D. allowed defendant to occupy his house, for the nominal rent of $1, up to September 30th.  On that date, the closing of the exchange was adjourned, and the tenancy was continued to October 15th at $1.  On that date, D. served on defendant's wife a notice that the rent would thereafter be $27.50 per month, which notice did not reach defendant till October 16th, and, within three days thereafter, he abandoned possession.  *Held*, that the notice, not having been given to defendant till after the commencement of the new term, was ineffectual to charge him with the increased rent.

Appeal from Ninth district court.

Action by Catharine Mitchell against Harry P. Clary for rent. From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Langbein Bros. & Langbein, for appellant.
W. G. Mulligan, for respondent.

McADAM, J.   The plaintiff's assignor, John F. Dowd, and the defendant, on September 4, 1896, made a contract, whereby the defendant was to exchange certain lots owned by him for Dowd's house, No. 695 East 183d street.   Pending the searching of the title, and on September 14th, the defendant was allowed to move into Dowd's house, on payment of the nominal rent of one dollar up to September 30th. The time for closing the exchange was adjourned, and the premises were again rented to the defendant until October 15th, for one dollar.   On the last-named date the contract was not closed, and Dowd then served upon the defendant's wife a notice that the tenancy had expired, and, if the tenant remained on the premises thereafter, his rental would be $27.50 a month.   The tenant received this notice Friday, October 16th, and proceeded to find another place.   On Sunday he prepared to move, and on Monday, October 19th, he abandoned possession.

The action is to recover $27.50, as rent from October 15th to November 15th, on the theory that the tenant, by continuing in possession until October 19th, impliedly assented to pay the increased rent specified in the notice.   Despard v. Walbridge, 15 N. Y. 374; Mack v. Burt, 5 Hun, 28.   In the absence of such notice, a tenant holding over after the expiration of his term is deemed, at the option of the landlord, to hold over at the same rent he had previously paid.   Mack v. Burt, supra; Schuyler v. Smith, 51 N. Y. 309.   In this case the notice did not reach the tenant until Friday, October 16th, after the new term, at the former rent, had actually commenced, and the landlord's

rights in respect thereto had become legally fixed; so that it came too late to effect the increase in rental demanded by the landlord. The notice could not put the tenant to an election to remain in or move out until he received it; for when the law requires a notice to be given, and does not prescribe the mode of service, it must, as a rule, be served personally. Wade, Notice, § 1334; Rathbun v. Acker, 18 Barb. 393; McDermott v. Board, 25 Barb. 635. The letting was part of the scheme by which the exchange of properties was to be effected, and must be construed with reference to it. Dowd testified that he told the defendant he did not care to let him move into the house until he became the owner, as it might complicate matters somewhat, but that he finally consented to let him in at the nominal rent agreed upon. The plaintiff's assignor claimed that the exchange was abandoned about October 1st; while the defendant testified that it was not given up until he received the notice as to increased rent. At all events, it is clear that the parties contemplated that the defendant was to become the owner of the house, and that the rent fixed was merely nominal, to charge the defendant's possession as that of a tenant, rather than one of a vendee in possession. Under the circumstances, the notice to charge the defendant with increased rent should have been served before the new term commenced; and the defendant, by continuing his possession into the new term, might be held to have acquiesced in the claim made by the landlord. But the notice was not served until after the new term commenced, and, within a reasonable time after receiving it, the defendant moved out, thereby manifesting his determination not to assent to the terms imposed. We think the plaintiff failed to establish any agreement upon the part of the defendant to pay the increased rent, and that the justice properly found for the defendant. The sum tendered into court, $6.50, was sufficient to cover all liability on the part of the defendant for his occupation of the premises, together with the taxable costs, and the sum tendered at once became the property of the plaintiff. Cow. Treat. (Kingsley's Ed.) § 1151.

It follows that the judgment must be affirmed, with costs.

BISCHOFF, J., concurs.