### STEIN v. SUTHERLAND.

(Supreme Court, Appellate Term. February 23, 1905.)

1. LANDLORD—HOLD-OVER TENANT—LIABILITY FOR RENT.
   A hold-over tenant is liable, at the option of the landlord, to a tenancy for another year, even in the absence of any agreement, and regardless of an increased rent.

   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 284, 378.]

2. SAME—STATUTE—CONSTRUCTION.
   The statute which fixes the termination of certain tenancies at May 1st applies to cases in which there has been an agreement of hiring, in which the duration thereof is not particularly specified.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles A. Stein against Preston M. Sutherland. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Bennett E. Siegelstein, for appellant.
Gustavus A. Rogers, for respondent.

SCOTT, J. I am unable to see any theory, based upon the evidence, on which this judgment can be sustained. It certainly cannot be upheld upon the theory adopted by the justice, which was that no agreement of hiring was entered into. If this is so, the defendant was a hold-over, and, as such, the landlord may, at his option, hold him to his tenancy for another year. Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94, 28 Am. St. Rep. 636. And it does not affect the situation of the parties that he so held over at an increased rent. Despard v. Walbridge, 15 N. Y. 374; Mack v. Burt, 5 Hun, 28; Mitchell v. Clary, 20 Misc. Rep. 595, 46 N. Y. Supp. 446. The statute which fixes the termination of certain tenancies at May 1st applies to cases in which there has been an agreement of hiring, in which the duration thereof is not particularly specified. The only evidence in the case as to an agreement of hiring was that of the plaintiff, who testified to an agreement for another year at one hundred dollars per month. The defendant's evidence is that, shortly before December 1st, plaintiff said he was going to increase the rent $10 a month. He then testified:

"I told him I did not think it was necessary; I was paying enough. 'Well,' he says, 'if you find it hard, and cannot pay it, I will make it all right'—as much as to say, 'You won't have to pay it if you can't pay it'—'but I think you can pay it. I think your business calls for it.' And I said I would do the best I could."

This seems to be consistent only with the theory that the defendant held over at an increased rent. Indeed, the defendant throughout carefully insists that there was no new agreement as to an increased rent. Counsel for the respondent, appreciating the result of a concession that defendant held over, insists that there was a new contract of letting, but that it was indefinite as to term. Nothing in the evidence supports this contention. If there was a new contract, the only evidence is that it was for the definite term of a year. If there was no new contract, as the justice found the fact to be, the defendant held over, and remained liable for another year.

In either case the judgment must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.