(91 Misc. Rep. 53)

### VOLKENING v. RAYMOND.

(Supreme Court, Appellate Term, First Department.   June 28, 1915.)

1. LANDLORD AND TENANT ⬅233—ACTION FOR RENT—QUESTION FOR JURY —SURRENDER AND ACCEPTANCE.

In an action for rent under a lease, covenanting that in case of fire the tenant should give immediate notice to the landlord, who should cause the damage to be repaired forthwith, and that if the premises were so damaged that the lessor decided to rebuild, the term should cease and the accrued rent be paid up to the fire, and that if the lessee vacated the lessor might take possession and relet for the lessee's account, the question of an actual surrender and acceptance of the premises after a fire *held* for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 49, 940–944; Dec. Dig. ⬅233.]

2. FRAUDS, STATUTE OF ⬅63—INTEREST IN LAND—SURRENDER OF LEASE FOR MORE THAN ONE YEAR.

The statute of frauds requires the surrender of a lease for more than one year to be in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 97–104; Dec. Dig. ⬅63.]

3. FRAUDS, STATUTE OF ⬅152, 157—PLEADING AND EVIDENCE—WAIVER.

Where the lessor neither pleaded that the statute of frauds required a surrender of a lease for more than one year to be in writing, nor objected to evidence tending to establish such surrender, he thereby waived such provision.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363–366, 371, 372, 377; Dec. Dig. ⬅152, 157.]

Appeal from City Court of New York, Trial Term.

Action by Otto Volkening against Sidney S. Raymond.   Judgment for plaintiff by direction of the court after a trial by jury, and defendant appeals.   Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Palmieri & Wechsler, of New York City (Samuel Wechsler, of New York City, of counsel), for appellant.

Carlisle Norwood, of New York City, for respondent.

WHITAKER, J.   Action to recover rent on a lease of the third floor of premises on John street, New York City.   The premises were originally leased to the defendant for two years from May 1, ·1910. The lease was duly executed and delivered and the defendant occupied the premises thereunder.   It contained the following provision:

"5. That the tenant shall, in case of fire, give immediate notice thereof to the landlord who shall thereupon cause the damage to be repaired forthwith;

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

but if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire."

The lease was renewed and extended for a further term of one year from May, 1, 1912, by the execution of the following agreement:

"Otto Volkening as landlord and Sidney S. Raymond as tenant, do hereby renew and extend the original lease made between them—(dated April 8th, 1910, and expiring on May 1st, 1912, for the premises now occupied by said tenant on the 3rd floor of rear building No. 17 John street, borough of Manhattan, city of New York)—for a further term of one year beginning on May 1st, 1912, and ending on May 1st, 1913, upon the same terms and conditions and covenants as contained in said original lease, except as to the following changes and modifications:

"It is agreed by and between the parties hereto that, instead of the rent specified in said original lease the rent during the term of this renewal and extension shall be twelve hundred ($1200.00) dollars per annum, to be paid in equal monthly payments in advance on the first day of each and every month of said term.

"It is further agreed and understood by and between the parties hereto, that the whole of the 15th clause of 19 lines contained in the said original lease (giving the landlord the privilege to cancel said lease after April 30th, 1911, upon the payment of a certain sum of money to the tenant, etc.) is, for the purposes of this renewal and extension, hereby canceled and declared null and void, the same as if the said clause were not written in said original lease."

On March 28, 1913, said original lease was again extended and renewed by the due execution by the parties of the following instrument:

"Otto Volkening as landlord, and Sidney S. Raymond as tenant, do hereby renew and extend the original lease made between them—(dated April 8th, 1910, and thereafter extended and renewed up to May 1st, 1913, for the premises as now occupied by the said tenant on the 3rd floor of rear building No. 17 John street borough of Manhattan, city of New York)—for the further term of one year from May 1st, 1913, to May 1st, 1914, upon the same terms, conditions, covenants and rents as was specified in the renewal and extension dated March 29th, 1912, made for the year from May 1st, 1912, to May 1st, 1913."

The original lease also contained a covenant that if the lessee vacated the premises the landlord might enter, take possession, and re-let the same for the account of the lessee.

The defendant was in the actual possession of the premises on the 10th day of April, 1913, when a fire occurred. The extent of the damage done by this fire is disputed. Plaintiff maintained that only repairs were required to restore the building. Defendant claims that the building was practically destroyed, that at least it was destroyed within the meaning of paragraph 5 of the lease above quoted. Whatever the facts may be in this respect the premises of the defendant were certainly rendered untenantable for a considerable period of time. Defendant vacated the premises on the 15th day of April, five days after the fire. Plaintiff restored the premises, and the evidence tends to show that the restoration was practically completed about June 4, 1913. After defendant left the premises plaintiff took possession and rented them for the account of defendant.

Defendant's answer contains denial, and sets up as defense, first,

that plaintiff failed to comply with the fifth paragraph of the lease, inasmuch as he failed to have the repairs made to the building "forthwith"; that the building was practically destroyed and rebuilt within the meaning of said paragraph 5, which terminated the lease; that defendant was compelled to, and did, actually surrender the possession of the premises to the plaintiff, who accepted such surrender and released defendant from further liability. Defendant also sets up a counterclaim, based upon the surrender of the premises to plaintiff and his acceptance thereto and plaintiff's failure to repair forthwith, and demanded affirmative judgment for the sum of $50, the amount of the rent from April 15, 1913, to May 1, 1913.

[1] The plaintiff interposed a reply to defendant's counterclaim, which consisted of a specific denial of the allegations of defendant's counterclaim. The issues raised by the pleadings and upon which the parties went to trial were: Was there an actual surrender and acceptance of the premises? Did the plaintiff, landlord, repair "forthwith" within the meaning of the terms of the lease? Did the restoration of the premises constitute a repair or a practical rebuilding thereof? There was evidence adduced by the defendant that tended to support his contentions in respect to all these issues. The court refused, however, to allow defendant to go to the jury, and directed a verdict for plaintiff. There was, we think, sufficient evidence upon which to go to the jury upon the question of surrender. It may be the court in its descretion would have set the verdict aside had it been in favor of defendant; nevertheless, there being a conflict in the evidence upon this question, we think the jury should have been allowed to pass upon it in the first instance. McDonald v. Met. St. R. R. Co., 167 N. Y. 66, 60 N. E. 282. Defendant swore positively to conversations with the plaintiff landlord, in which the plaintiff first said that he could do nothing at present in regard to the repairs until the insurance had been adjusted. Subsequently, and before the repairs had been begun, defendant told plaintiff, in substance, that his business was being injured by reason of not being able to go on with his work. Whereupon plaintiff told defendant, "You can get another loft, and I will get another tenant, and I release you." Whereupon defendant did actually rent another loft, and plaintiff took possession. This conversation was denied by the plaintiff, and there are circumstances disclosed by the evidence tending strongly to indicate that plaintiff's denial was true, but whether or not it was true should have first been passed upon by the jury, and defendant's request that the questions should be submitted to the jury, we think, should not have been denied by the court.

[2, 3] The plaintiff claims that the term of the lease at the time of the alleged surrender was for more than one year, and therefore the statute required the surrender to be in writing. We agree with the plaintiff in his construction of the lease and renewal in this respect, but plaintiff has waived the provisions of the statute; he neither pleaded it in his reply, nor did he object to the testimony tending to establish surrender. Embury v. Connor, 3 N. Y. 512, 53 Am. Dec. 325; Matter of Application of Elverd Cooper, Mayor, 93 N. Y. 507;

Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650, 37 Am. St. Rep. 569; Wells v. Monihan, 129 N. Y. 161, 29 N. E. 232; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531.

It is unnecessary to discuss the other question raised by the appellant, inasmuch as a new trial must be ordered.

Judgment reversed, new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurring in result.