PAULINE BERKOWITZ, Respondent, *v.* NICK IORIZZO, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1919.)

Lease — landlord and tenant — duration of tenancy in New York city — measure of damages — Real Property Law, § 232, as amended by Laws of 1918, chap. 303.

> Since the amendment (Laws of 1918, chap. 303) to section 232 of the Real Property Law each party to a lease of New York city realty must sign a writing that specifies the duration of the lease if it is to be held good other than from month to month.
>
> A lease of New York city realty evidenced by a writing signed only by the landlord reciting the receipt of a deposit on account of rent and that the leasing was for a year, is only good for a month.
>
> Where even though the evidence in an action to recover damages for depriving the tenant of her right to enter into possession of the premises amply justifies a finding in plaintiff's favor, a holding that there was a valid lease for a year was incorrect.
>
> Plaintiff not being qualified as an expert, her testimony as to rental value was improperly received as was also her testimony as to rent paid by her for another apartment.
>
> In such an action the proper measure of damages is the difference between the agreed rent and the rental value of the premises for one month as shown by competent evidence.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of the plaintiff, after trial by the court without a jury.

Jerome J. Licari, for appellant.

Benjamin F. Burkwitt, for respondent.

MULLAN, J.  The plaintiff lessee sues the defendant lessor to recover two items of damage claimed to be due to the defendant's failure to give her possession of the leased premises, an apartment in a tenement house in the city of New York; and she has had judgment for the entire amount claimed, one hundred and thirty dollars.  Of that sum, the defendant admits liability for ten dollars, being the amount of a deposit or part payment made by plaintiff on account of the rent. The balance, one hundred and twenty dollars, represents the plaintiff's loss of her alleged bargain, her proofs having been intended to show, and they were accepted as showing, that whereas she agreed to pay twenty dollars a month rent for a year, the demised premises had a rental value of thirty dollars a month. The finding that the plaintiff was improperly deprived of her right to enter into possession was amply justified by the evidence, but we think the learned trial judge incorrectly held that a valid lease for a year had been made, and improperly received evidence offered to prove the rental value of the leased premises.

The lease was negotiated for the plaintiff by her daughter, who, on August second, after a conversation with the defendant, paid a deposit of five dollars (subsequently increased to ten dollars) and wrote out the following paper, which was signed by the defendant only:

*"Aug. Sept.* 1918.

" Received from Mrs. Berkowitz 10 $5 00/100 Received for deposit 1st flat 1 flight, 1 yr. lease & privilege $5 00/100

10                              NICK IORIZZO.''

The defendant, who claims to be unable to read or write English, testified that there was no talk of a lease for a longer period than a month, and that he

did not in fact consent to such of the contents of the receipt as indicate an intention to let for a longer term; but the issue on that head was one purely of fact, and we see no reason for disturbing the decision that the defendant agreed to make a lease for a year. A more serious question is presented, however, by the contention of the defendant that there was no compliance with the provisions of chapter 303 of the Laws of 1918, and that in consequence a month to month tenancy only was created. That act in full is:

" Duration of certain agreements in New York. An agreement for the occupation of real estate in the city of New York, shall create a tenancy from month to month, unless the duration of the occupation shall be specified in writing by the parties thereto or by their lawful agents."

It will be noted that the act does not in terms require that both, or where there are more than two, all, the parties to the lease agreement, *shall sign* the writing in which the duration of the term is to be specified; but we are unable to give to it any construction that appears to us to be reasonable, that does not involve the holding that all parties to the writing shall evidence their assent by means of their respective signatures. The act (as stated in section 1 thereof) is an amendment of section 232 of the Real Property Law (Cons. Laws, chap. 50) which provides that "An agreement for the occupation of real property in the city of New York, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the first day of May next after the possession commences under the agreement; and rent thereunder is payable at the usual quarter days, for the payment of rent in that city, unless otherwise expressed in the agreement."

It was quite evidently the legislative purpose in

enacting the amendment, not only to repeal the statutory rule that a lease of real property in the city of New York would run to the succeeding May first, if the lease agreement was silent as to the extent of the term, but also to provide an entirely new rule, a new Statute of Frauds, in relation to the means by which it can be shown that a lease of New York city realty is for more than a month. The amendment thus provides that there shall be a writing, that in such writing the term of the hiring shall be stated, and that the statement shall be made by the *parties,* or their agents. Quite obviously, the legislature intended to eliminate the doubts, and the opportunity for fraud, that may conceivably result from the allowance of oral proofs upon the subject of the duration of the term; and this purpose could not, in our view, be achieved without requiring the signature of at least one of the parties to the lease agreement. The ancient Statute of Frauds as to leases for a term exceeding one year (now Real Property Law, § 242) provides merely that the lessor or his agent shall subscribe to the writing. In the act under examination the requirement is that all parties to the lease agreement shall specify in writing the duration of the term. Although creating, therefore, a new and special Statute of Frauds, the legislature ignored not only the specific requirement of the ancient Statute of Frauds that there be a subscription, but it likewise departed from the old requirement that only one party, the lessor, shall subscribe. We think that the dissimilarity of the language employed in the act under discussion from that of the Statute of Frauds, requires us to assume that in enacting the act in question, the legislature in no way modelled it after the Statute of Frauds; and it follows that our construction should be unaffected by the provisions or phraseology of the older statute. So considered, we

cannot escape the conclusion that it was the legislature's intent that each party to a lease of New York city realty shall sign a writing that specifies the duration of the lease, if the lease is to be held good for any term other than from month to month. We accordingly hold that the lease was good for a month, and not longer.

The trial court incorrectly permitted the plaintiff to testify to the rental value of the leased premises. She was, very plainly, not qualified to act as an expert upon the subject. It also was error to permit her to testify concerning the rent paid by her for the apartment she hired when denied possession of the apartment leased to her by the defendant. The proper measure of damage in such a case is the difference between the agreed rent, twenty dollars a month, and the rental value (if it exceed the agreed rent), the latter to be fixed by one qualified to testify as an expert upon rental values of premises of the kind leased, in that general vicinity. We regret that the case must go back for the ascertainment of the damage under that rule, upon the basis of a deprivation of possession from the demised premises under a lease for one month.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.