# APPELLATE DIVISION

### OF THE

# SUPREME COURT

### OF THE

# State of New York.

---

VALENTINE SOUHAMI and CLEMENT SOUHAMI, Respondents,
v. LESTER BROWNSTONE, Appellant.

Second Department, July 24, 1919.

Landlord and tenant — creation of new lease by holding over and
acceptance by landlord of rent at old rate — Laws of 1918, chapter
303, section 1, limiting period for valid oral lease in city of New
York — lease created by tenant holding over not affected by said
statute.

Where a tenant under a written lease for a year, providing that he was to
have the premises free from the payment of any rent for the month of
January, continued in possession of said premises upon the same terms
and conditions for several years, no further lease having been made, and
after being notified by the landlord that the rent would be increased
declined to pay, claiming that his lease had been renewed and that he
now held the premises under a lease for one year upon terms set forth in
the written lease, and the landlord subsequently accepted the rent at the
old rate, a new letting was effected for the same period and under the
same terms mentioned in the prior lease.

Section 1 of chapter 303 of the Laws of 1918, providing that "An agree-
ment for the occupation of real estate in the city of New York shall
create a tenancy from month to month, unless the duration of the occupa-
tion shall be specified in writing by the parties thereto or by their lawful
agents," creates a new limitation upon oral contracts and limits the
period for which a valid oral lease may be made to one month.

When a tenant holds over the landlord may elect to treat said tenant as bound for another year, not by virtue of an express contract, but by implication of law springing from the circumstances.

Hence, since the new lease aforesaid was created by law and not by the agreement of the parties it was not affected by section 1 of chapter 303 of the Laws of 1918.

JENKS, P. J., and KELLY, J., dissented in part.

APPEAL by the defendant, Lester Brownstone, from a determination of the Appellate Term of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on or about the 4th day of April, 1919, affirming an order of the Municipal Court of the City of New York, Borough of Brooklyn, Fifth District, awarding to the plaintiffs, as landlords, the possession of certain premises in summary proceedings upon the ground that the tenant had not paid the rent thereof for the month of January, 1919.

*Robert Jablin,* for the appellant.

*Jacob M. Guedalia,* for the respondents.

JAYCOX, J.:

In July, 1914, the Briston Realty Company, the then owner of the premises, leased the premises to the appellant by a written lease for one year, to wit, from August 1, 1914, to July 31, 1915. The rent reserved was thirty dollars per month and the lease further provided that the tenant was to have the premises free from the payment of any rent for the month of January. No further lease has been made, and the appellant has continued to occupy the premises upon the same terms and conditions down to the time this proceeding was instituted. Each year he has paid no rent for the month of January. The present landlords became the owners of the premises sometime in October, 1918. The tenant has paid his rent for the months of October, November and December at the rate of thirty dollars per month to the new landlords. About December 10, 1918, notice was given to the tenant that beginning January 1, 1919, the rent would be thirty-five dollars per month. The tenant declined to pay, claiming that his lease had been renewed each year since the written lease expired and that he now held the premises under a lease

for one year upon the terms set forth in the written lease. A notice was sent to the appellant in September that his rent would be increased to thirty-five dollars, but the tenant declined to pay the increased rent, insisting that he had a lease for a year and rent at the old rate has been accepted by both the old and the new landlords.

I think this creates a new letting for the same period mentioned in the prior lease (*Kennedy* v. *City of New York*, 196 N. Y. 19, 23), unless the effect of such holding over and receipt of rent has been changed by chapter 303 of the Laws of 1918 (amdg. Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 232), which reads as follows: " An agreement for the occupation of real estate in the city of New York, shall create a tenancy from month to month, unless the duration of the occupation shall be specified in writing by the parties thereto or by their lawful agents."

The object of the statute — the evil to be cured — is obscure. I am unable to perceive it and counsel have made no suggestions as to the cause that led to this legislation. Section 232 of the Real Property Law, prior to this amendment, read as follows: " Duration of certain agreements in New York. An agreement for the occupation of real property in the city of New York, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the first day of May next after the possession commences under the agreement; and rent thereunder is payable at the usual quarter days, for the payment of rent in that city, unless otherwise expressed in the agreement."

It was clear from that enactment that when land was occupied by a tenant without a fixed period of letting having been agreed upon, the period terminated May first. The present statute, in addition to changing the construction to be placed upon such an agreement, enacts a new Statute of Frauds. (*Berkowitz* v. *Iorizzo*, 106 Misc. Rep. 489.) Under the provisions of subdivision 1 of section 31 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), any agreement is void which by its terms is not to be performed within one year from the making thereof, unless it or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith, or by his lawful agent.

Sections 242 and 259 of the Real Property Law require leases of real property for a longer period than one year or some note or memorandum thereof to be in writing. Under these statutes oral leases for one year are held to be valid. I see no escape from the conclusion that the statute of 1918 is a new limitation upon oral contracts and limits the period for which a valid oral lease of real property in the city of New York may be made to one month. If the statute be thus construed, the next question to be determined is — have the parties hereto made any agreement for the occupation of real estate to which the statute may apply. When a tenant holds over the landlord may elect to treat the tenant as bound for another year, not by virtue of an express contract, but by implication of law springing from the circumstances. (*Herter* v. *Mullen*, 159 N. Y. 28, 42.) In *United Merchants' Realty & Imp. Co.* v. *Roth* (193 N. Y. 570, 576) it was held, upon the opinion of Chief Judge CULLEN, that " the right of the landlord to treat the holdover as a tenant for a new term does not spring from the contract of the parties but is the penalty imposed by law upon the trespassing tenant." I think it necessarily follows in this case that there was no agreement to be affected by the statute. A new lease was created by law and not by the agreement of the parties.

The appellant is entitled to have the order of the Appellate Term and the order of the Municipal Court reversed and the petition dismissed, with the costs in all courts.

MILLS and RICH, JJ., concurred; KELLY, J., voted to modify the order upon the ground that the exemption from rent applied to the month of January, 1915, only, with whom JENKS, P. J., concurred.

Order of the Appellate Term and order of the Municipal Court reversed, and petition dismissed, with costs in all the courts.