NAT LEVINE, Plaintiff, v. SIDNEY ROSENSTEIN & Co., INC., Defendant.

(Supreme Court, New York Special Term, November, 1919.)

Statute of Frauds — oral agreement to surrender the unexpired term of a lease, not exceeding one year, valid — city of New York — Real Property Law, § 232, as amended in 1918.

Where the interest of a tenant of leased premises in the city of New York does not exceed a year's duration his oral agreement to surrender the unexpired term, to take effect *in futuro,* is valid under the Statute of Frauds.

Section 232 of the Real Property Law, as amended in 1918, is a new Statute of Frauds upon the subject of the creation of tenancies in the city of New York and does not apply to the surrender of an existing lease.

Where the term of a lease of premises in the city of New York does not exceed one year it is no defense to an action upon the tenant's oral agreement to surrender the unexpired term, that the agreement was not in writing.

CROSS-MOTIONS for judgment on the pleadings, consisting of complaint, answer and demurrer by plaintiff to separate defense, for insufficiency.

Abraham A. Silberberg, for plaintiff.

Mark E. Goldberg, for defendant.

ERLANGER, J.   For a separate defense to an action upon an agreement for surrender by the tenant of an unexpired term, not exceeding one year, under a lease of premises in the city of New York, the defendant alleges that the agreement was not in writing.   The plaintiff demurs to this defense.   A parol agreement to surrender an unexpired term of a lease, where the interest of the tenant thus surrendered is not to exceed a year's duration, is valid, although to take effect *in futuro,* under the provisions of the Statute of Frauds relating to the general subject of leases. Real Prop. Law, §§ 242, 259; *Allen* v. *Devlin,* 6 Bosw. 1, 7; affd., 23 N. Y. 363.   It is contended by the defendant, however, that the agreement of surrender must be in writing, where it affects property in the city of New York, by virtue of section 232 of the Real Property Law, amended in the year 1918, which reads "An agreement for the occupation of real estate in the city of New York, shall create a tenancy from month to month, unless the duration of the occupation

shall be specified in writing by the parties thereto or by their lawful agents."

This statute, in terms, applies to the creation of a tenancy, not to its surrender, but the defendant points to the legislative policy that a parol surrender should be for a term no greater than may be created by parol, a policy indicated by the conformity of the general provisions of the Statute of Frauds with respect to the term which may be respectively created or surrendered without a writing. Real Prop. Law, §§ 242, 259. While the new statute certainly affects the creation of leases in this city, I find no ground for an implication that it relates to the subject of a surrender of a lease. It is no mere modification of the old Statute of Frauds; it provides a distinctly new rule, in that these leases in the city of New York must be signed by both parties, whereas the lessor only must subscribe, under the general requirements of the statute. It relates to one subject — the creation of a tenancy — and treats it as a subject for new regulation. I cannot imply a legislative intent to read this new rule into the different subject of a surrender of a lease. As was said by the court in *Berkowitz* v. *Iorizzo,* 106 Misc. Rep. 489, upon the construction of this statute: " We think that the dissimilarity of the language employed in the act under discussion from that of the Statute of Frauds requires us to assume that in enacting the act in question, the legislature in no way modelled it after the Statute of Frauds; and it follows that our construction should be unaffected by the provisions or phraseology of the older statute."

The legislature has made a new Statute of Frauds for the city of New York, upon the subject of the creation of tenancies. *Souhami* v. *Brownstone,* 189 App. Div. 1. Whether the old policy of the law on the

related matter of the surrender of tenancies is to be correspondingly changed, is a legislative question, not one for judicial determination. I conclude that the separate defense is insufficient in law, and that the plaintiff's motion for judgment upon the demurrer should be granted, with ten dollars costs. Defendant's motion denied, with ten dollars costs.

Ordered accordingly.