Lehman, J.
The petition herein alleged that by an agreement between the parties, the tenant hired certain premises in the city of New York, on the 1st day of October, 1914, “ for the term of one month only and continued therein under the terms of the original agreement, the last month commencing on the first day of December, 1919, and ending on the first day of January, 1920, at 12 o’clock noon,” which term has expired. The petition further alleges that at least twenty days before the expiration of the term aforesaid there was served upon the tenant a notice in writing that the landlord elected to terminate the tenancy. The trial justice dismissed this petition upon the motion of the tenant, based upon the ground that thirty days’ notice was required from the landlord and the landlord now appeals from the final order entered upon the dismissal.
At the expiration of the original tenancy for one month, the tenant had a right to remove from the premises without previous notice to the landlord and, in the absence of statute, the landlord had a right to demand possession of the premises and to bring summary proceedings without previous notice of any intention to terminate the tenancy. If at the expiration of the original term the tenant continued to remain in the premises as alleged in the petition, he became liable by operation of law as a holdover for the same period and at the expiration of each month that he remained in the premises, the tenancy was automat *179 ieally renewed. The tenant was originally a tenant for one month and for the period of his occupation without new agreement he continued to be a monthly tenant. The original rule that no notice by the landlord was required in order to terminate a monthly tenancy has been altered by statute since 1882 and at the present time, under the provisions of chapter 649 of the Laws of 1919, no monthly tenant can be removed on the ground of holding over his term unless at least twenty days before the expiration of the term the landlord serves upon the tenant a notice in writing that he elects to terminate the tenancy. The landlord has complied with this statute but the tenant contends and the trial justice has sustained his contention, that he is not a monthly tenant but is a tenant from month to month for an indefinite term and that a notice of thirty days was therefore required.
At common law there can be no question but that, for the reasons stated above, the tenant was a monthly tenant holding for a definite term, but it is claimed that chapter 303 of the Laws of 1918 has changed the common law rule. That statute amends section 232 of the Real Property Law to provide “An agreement for the occupation of real estate in the city of New York, shall create a tenancy from month to month, unless the duration of the occupation shall be specified in writing by the parties thereto or by their lawful agents.” That statute apparently has no application to the facts alleged in the petition. The original tenancy was created prior to the statute. It was renewed by the act of the tenant in holding over at the end of each month, not by contract of the parties but as a penalty imposed by the law upon the trespassing tenant and it has been held that the statute applies only to agreements between the parties. See Souhami v. Brownstone, 189 App. Div. 1. The tenant, however,' *180 claims in his brief that as a matter of fact the landlord has changed the terms of the original tenancy by raising the rent since the passage of the statute and that, therefore, his possession is now under agreement of the parties and not by operation of law. The record discloses no such facts, and the tenant by his motion for judgment has admitted the allegations contained in the petition and we express no opinion upon the effect of proof that the tenant is now in possession under new agreement of the parties.
The orders should, therefore, be reversed and a new trial ordered, with fifteen dollars costs in each case to appellant to abide the event.
Finch and Mullan, JJ., concur.
Orders reversed and new‘trial ordered, with fifteen dollars costs in each case to appellant to abide event.