Wagner, J.
The tenant had occupied an apartment under a written lease for a year, at a monthly rental of thirty dollars, from December 1,1917. In November, 1918, the landlord by letter informed her that owing to an increase in the building’s rent, she would be compelled to raise the tenant’s rent to thirty-five dollars per month, beginning December 1, 1918, for a period expiring the following December and promising to install a private bell for the tenant who was a dressmaker, to avoid for her the annoyance caused by the indiscriminate ringing of the ordinary bell. The tenant testified, though the landlord denied receipt thereof, that she answered this letter in writing at once, protesting against payment of the increased rental unless a new bell was installed as previously promised her. A discussion was thereafter had with relation to the bell, the tenant claiming that she wrote the landlord to the effect that she would be willing to pay thirty *363 dollars per month for the duration of a year, and the landlord admitting she said “ I did not want any disturbance with my tenants, so you can continue at the old rent.” The matter terminated in the following letter to the tenant somewhat later in November:
‘ ‘ Mrs. Dable. I am extremely sorry I will be unable to put in the bell, as I wanted to make everything very pleasant for you; but the fates are against me. I could find no electrician but one and he wouldn’t bother with so small a job. So I see that I will have to agree with you, that it is unnecessary, and we will be obliged to go on as we have been doing. The house bell will have to serve us all, due to these circumstances over which I have no control.
“ Sincerely yours,
“ (Signed) Kate C. Mahoney 11/26/18.”
The landlord made a similar denial of receipt of a letter which the tenant claimed she then wrote accepting the landlord’s offer and agreeing to occupy the premises for the year. From then on until April 19, 1919, the tenant’s rent at the old rate of thirty dollars per month was paid to and accepted by the landlord, at which time the tenant was notified by letter that her rent would be increased to fifty dollars monthly from May first, for a term ending that December. The rent for May at the thirty dollars rate was tendered to the landlord but refused, and from the final order awarding possession to the landlord, rendered upon a directed verdict, the tenant now appeals. The opinion of the learned trial justice below reveals that his decision to direct the verdict was governed by his interpretation of section 232 of the Beal Property Law as amended by chapter 303 of the Laws of 1918, and this court’s decision in Berkowitz v. Iorizzo, 106 Misc. Rep. 489. After a careful consideration of both that section of the statute and the authority cited, we find nothing in *364 either justifying the order herein appealed from. In the Berkowitz case, a writing signed by the tenant was wholly lacking, and we held that because the tenant had only what amounted to an offer of a lease, the requirements of the statute had not been complied with. Nor do we think that the 1918 amendment to section 232 of the Real Property Law is controlling upon the case at bar. There was no question of fact here to be submitted to the jury because the landlord had not in writing specified that the tenant was entitled to remain in possession for one year from December 1, 1918. It is true that the landlord in her letter of November 14, 1918, states “ Bent at $35 a month, beginning December 1,1918, to December 1,1919,” but that proposition had clearly been rejected by the tenant, according to the tenant’s testimony, and on November 26, 1918, the landlord wrote that she could not put in the bell as she could not get an electrician, adding “ We will be obliged to go on as we have been doing.” It seems apparent, therefore, that the landlord did not specify, at least in writing, that the tenant could occupy the premises for one year from December 1, 1918. However, as there was a valid original hiring, whether oral or in writing, for one year, and as the landlord after the expiration of the term, to use her own words, allowed the tenant to continue at the old rent, no definite term being specified, the law implies a renewal of the original hiring for one year, and there was hence no agreement to be affected by the 1918 amendment. Souhami v. Brownstone, 189 App. Div. 1.
It follows the final order should be reversed, with thirty dollars costs, and final order directed to be entered in favor of the tenant.
Guy and Bijur, JJ., concur.
Final order reversed, with thirty dollars costs.