Mullan, J.
The tenant went into possession under a five-year lease expiring on October 14, 1918. By remaining thereafter in possession, and the landlord so electing, the tenant became a hold-over tenant for the year ending October 14, 1919. On October 14, 1919, the landlord and the tenant met, discussed the matter of the tenant’s continued occupancy, and came to an agreement, wholly oral, that the tenant should stay in for another year at a stated increased rental. *373 The tenant argued successfully below that it was a true hold-over tenant for the year ending October 14, 1920. In so holding, the learned court fell into error. A hold-over tenancy is not created by the assent of the parties, that is to say, by contract. It is created against the tenant’s volition. Schuyler v. Smith, 51 N. Y. 309; Haynes v. Aldrich, 133 id. 287; United Merchants Realty & Imp. Co. v. Roth, 193 id. 570. It springs not from mutuality of intention, but from the law’s will to penalize a trespassing tenant. United Merchants Realty & Imp. Co. v. Roth, supra, 576. The implication that the law draws is that the parties have agreed to a continued occupancy by the tenant under the precise terms (except as to duration) of the original lease. This was made plain in the cases cited, and in most of the many cases upon the subject. The trial judge was under the impression that this court had held in two cases (Stein v. Sutherland, 92 N. Y. Supp. 314; and Commercial Cable Bldg. Co. v. McKenna, 168 id. 13), that even where an increase of rental had been agreed upon the continued occupancy by the tenant was none the less under the hold-over rule. It is true that the word “ hold-over ” was used by the judges writing in the Stein and Commercial Cable cases, in apparent reference to the nature of the newly-created term, but the facts in each of them, as disclosed by the opinions, very clearly indicate that the word was employed in its general sense of a staying over beyond the original term, and not in the technical sense of the hold-over tenancy that is created by implication of law. In both the Stein and Commercial Cable cases the new term was created by a true, or express, contract, in negotiating which the original terms could, of course, be altered by agreement with as much freedom as the parties possessed when they made the original contract of letting; and the decisions *374 were,' quite plainly, that the continuance of occupancy was under a new and real agreement, orally made. The situation of the parties at bar thus became, on October 14, 1919, that of an intending lessor and lessee who undertake to create orally a tenancy for a year, and this they were prevented from doing (at that time) by the special statute of frauds, relating to leases of New York city realty, providing that “ an agreement for the occupation of real estate * * * shall create a tenancy from month to month, unless the duration of the occupation shall be specified in writing by the parties thereto or by their lawful agents.” Laws of 1918, chap. 303, amending Real Property Law, § 232; Berkowitz v. Iorizzo, 106 Misc. Rep. 489; Souhami v. Brownstone, 189 App. Div. 1. We agree with counsel for the landlord, that the statute referred to has no applicability to a technical or true hold-over; indeed, that has been expressly held. Souhami Case, supra. But, as will have been seen, the new term here in question was created by the agreement of the parties, and not by law.
Guy and Bijur, JJ., concur.
Order reversed and new trial ordered, with thirty dollars costs to appellant to abide event.