STATE REALTY COMPANY, Landlord, Respondent, *v.* LA VELLE JEWELRY SHOP, INC., Tenant, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Lease — oral — summary proceedings — tenancy — landlord and tenant — evidence — Real Property Law, § 232.

> In a summary proceeding for holding over after the expiration of a written lease of premises in the city of New York ending February 29, 1920, the tenant pleaded an oral lease made in the previous December, for one year to commence at the expiration of the written lease. *Held*, that the oral lease, if made, would have created a tenancy from month to month, and the exclusion of testimony concerning the oral lease upon the theory that it was invalid under section 232 of the Real Property Law as it stood at the material times, was error for which a final order awarding possession to the landlord will be reversed and a new trial ordered.

APPEAL by tenant from final order in summary proceedings which awarded possession to the landlord, after trial in the Municipal Court of the city of New York, borough of Manhattan, ninth district, with a jury.

Chester E. Frankel, for appellant.

Bond & Babson (James P. Callender, of counsel), for respondent.

MULLAN, J.  The landlord, in its petition, relied upon the tenant's having stayed over after the expiration of a written lease, ending on February 29, 1920.  The tenant, for answer, set up an oral lease, made in December, 1919, for one year commencing at the expiration of the written lease.  The court refused to take testimony concerning the oral lease, upon the theory that it was, if made, of no validity because of the provisions of section 232 of the Real Property Law, as it stood at the material times, that "An agreement for the occupation of real estate in the city of New York, shall create a tenancy from month to month, unless the duration of the occupation shall be specified in writing by the parties thereto or by their lawful agents."  This was error, as while the oral agreement, if made, would have been an abortive attempt to create a lease for a year, it would have created a tenancy from month to month.  *Berkowitz* v. *Iorizzo,* 106 Misc. Rep. 489.  The tenant's answer sufficiently set up the oral lease it relies upon.  To have stated that the oral lease created a month to month tenancy would merely have been to assert a legal conclusion.

BIJUR and WAGNER, JJ., concur.

Final order reversed, and new trial ordered, with thirty dollars costs to appellant to abide event.