ABRAM NESBITT, Plaintiff, *v.* SARAH MORTON and Others, Defendants.

City Court of the City of New York, March 19, 1925.

Landlord and tenant — action to recover fair and reasonable rental of premises occupied by defendants — notices of increase in rent sufficient under Emergency Rent Laws (Laws of 1920, chap. 136, § 1-a, as added by Laws of 1922, chap. 664) — said notices need not state in express terms that landlord elects to terminate tenancy — notice must be served personally — service by mail insufficient.

A thirty days' notice in writing of an increase in rent given pursuant to the provisions of section 1-a of chapter 136 of the Laws of 1920, as added by chapter 664 of the Laws of 1922, is sufficient if it informs the tenant of the new terms, though it does not expressly state that the landlord elects to terminate the tenancy.  However, the service of the notice must be made personally in the manner that a precept in summary proceedings is served; service by mail is insufficient.

ACTION under chapter 136 of the Laws of 1920, as amended, to recover the fair and reasonable rental of premises occupied by the defendants.

*Parmley, Stetson & Woodward* [*William L. Woodward* and *Warren N. Gaffney* of counsel], for the plaintiff.

*Bernard S. Deutsch, Maurice V. Seligson, James Male* and *Bernard Harris,* for the defendants.

McKEE, J.:

This is an action brought against thirty-two defendants to recover the fair and reasonable rental value for the months of October and November, 1924, of premises occupied by the defendants at premises No. 188 St. Nicholas avenue, city of New York. The complaint states thirty-two separate causes and is brought under chapter 136 of the Laws of 1920, as amended, and under section 1-a of said statute, as added by chapter 664 of the Laws of 1922. The jury found a verdict for the plaintiff in sums representing an increase of twenty-two per cent over the old rentals. Motions were made to dismiss the complaint and to set aside the verdict on the ground that the notice of increase was improper in form and not duly served. Decision was reserved. The defendants contend that the said thirty-day notices should have stated in express terms that the landlord elected to terminate the tenancy. This objection is not a valid one. The tenants occupied the premises under the leases which expired on October 1, 1924. Previous to the enactment of chapter 664 of the Laws of 1922 the courts made a distinction between actions for increased rent and proceedings to remove a tenant. In the latter case section 1 of chapter 303 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920, expressly provided that a thirty-day notice be given, and, moreover, that it contain a statement to the effect " that the landlord elects to terminate the tenancy." In the former case no notice whatever was required. (*Rogan* v. *Weiss,* 115 Misc. 193.) This, however, was modified by the enactment of chapter 664 of the Laws of 1922 (adding to Laws of 1920, chap. 136, § 1-a), to the extent that in actions for rent or rental value the plaintiff must plead and prove " that the amount demanded in the complaint is no greater than the rent or rental value paid by the defendant during the month preceding that which is the basis of the action, *or, if greater, that at least thirty days' notice of such increase in writing had been given to the defendant before such amount had been so increased.*" This section is very different from section 1 of chapter 303 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920. It requires merely a thirty days' notice in writing. It would be unreasonable to suppose that the Legislature intended to require a landlord to notify a tenant that he elected to terminate a tenancy which terminated by the written agreement of the parties and which, under the Emergency Rent

Laws, did not automatically continue by operation of law, since on the termination ·of the period of the lease the holding over of the tenant did not renew the lease, but created a new relationship — that of landlord and statutory tenant. (*1239 Madison Ave. Corp.* v. *Neuburger,* 208 App. Div. 87; *Stern* v. *Equitable Trust Co.,* Id. 13.) It follows, therefore, that any thirty-day notice is sufficient if it is in writing and informs the tenant of the new terms. There is, however, I think, a fatal defect in the manner of the service of the said notices. It was shown at the trial, by the defendants' concession, that the notices were sent by mail. This is not sufficient. It is a well-settled rule of law that where a statute requires notice to be given actual personal service is required, and the notice must be personally served on the person to be notified. (*Burck* v. *Taylor,* 152 U. S. 634; *People ex rel. Williams* v. *Hurlburt,* 5 How. Pr. 446; *Rathbun* v. *Acker,* 18 Barb. 393; *McDermott* v. *Board of Police,* 25 id. 635; *Mitchell* v. *Clary,* 20 Misc. 595; *Skinner* v. *Sullivan,* 112 id. 365.) In addition to this rule of law, which, I think, is conclusive herein, we have the additional consideration that the Emergency Rent Laws were passed to insure some degree of protection to the tenant, both against eviction and unreasonable rent. The thirty-day period was an extension of the old five-day period in summary proceedings and was directly the basis of section 1 of chapter 303 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920. Notice, under this section, must be served personally. The requirement of section 1-a of chapter 136 of the Laws of 1920, as added by chapter 664 of the Laws of 1922, was really only an extension of the underlying idea in section 1 of chapter 303 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920, *i. e.,* to insure for the tenant sufficient time to meet the new situation brought about by the landlord's demand either for the premises or for an increase in rent. I think, therefore, it was clearly the intention of the Legislature that the thirty days' notice of an increase in rent was to be served in the manner that a precept in summary proceedings was to be served, and as the legislation was passed for the protection of the tenant the service of the notice was not to be left to the irregularities that flow from dependence upon the mail for the delivery of such notice. Since the plaintiff has not proved, as required by the statute, the giving of the notice, he cannot prevail. The motion to set aside the jury's verdict is, therefore, granted, and judgment is awarded the plaintiff for the old rentals. Submit order.