425 EAST EIGHTY-SIXTH STREET CORPORATION, Plaintiff, *v.* MARGARET WORMS, Also Known as MARGARET BRAINERD, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, November 21, 1932.

*Cohen & Jarcho* [*Emanuel Kessler* of counsel], for the plaintiff.

*Gertrude Schwartz* [*Meyer Schwartz* of counsel], for the defendant.

LEWIS, DAVID C., J. On the 23d day of June, 1931, the plaintiff, as landlord, and the defendant, as tenant, executed a lease of an apartment for a term commencing on the 1st day of October, 1931, and ending on the 30th day of September, 1933. This lease is under seal and signed in the name of the plaintiff by W. L. Oetel, as treasurer, and by the defendant individually.

The plaintiff brought this action to recover rent for the months of October, 1931, to January, 1932, inclusive, under the said lease.

The defendant sought to defeat recovery by showing that, prior to the 1st day of October, 1931, that is, before the commencement of the term, the treasurer of the plaintiff corporation, at the solicitation of the defendant, orally stated, in substance, that his company would consent to release the defendant from the lease; that thereafter, acting upon such oral understanding, she took another lease of different premises from a different landlord.

The court ruled that the sealed instrument could not be varied by parol; that the agreement to surrender this lease for a term of two years, to commence in the future, had to be in writing and duly subscribed; and that there was no implied power of the treasurer to release the defendant from the sealed obligation.

It now appears that, since the trial, a final order in favor of the plaintiff, as landlord, and against this defendant, as tenant, which had been previously rendered in summary proceedings, instituted upon this lease, has now been vacated. While the court had held that this final order established the landlord and tenant relationship existing at the time of the proceeding, its vacation does not, in itself, seriously disturb the holding of the court on the questions before us.

As the matter is now presented, the defendant's motion primarily depends upon two propositions:

1. The contention that the so-called oral agreement to release the defendant constituted a cancellation or rescission of the lease under seal.

2. The argument that, in consequence of the defendant's execution of another lease with a third party, subsequent and pursuant to the plaintiff's alleged oral consent to release her, the plaintiff is estopped from enforcing this sealed lease.

The defendant founds her cause upon certain declarations of general principles set forth in *Dolan* v. *Rodgers* (149 N. Y. 489, at p. 491); *Imperator Realty Co.* v. *Tull* (228 id. 447, at p. 457).

A comparison of the salient facts in the cases cited with the facts of this litigation reveals certain factual distinctions and a consideration of the legal principles there espoused belies the defendant's application of these principles to this case.

One notes that neither of the cited cases involves a lease of real estate.

Here we are dealing with a lease of real property under seal for a term of more than one year to commence in the future. Then, again, one is reminded that the delivery of this instrument by the lessor to the lessee transferred the estate, so that the contract was no longer really executory.

" His [tenant's] relation with the landlord is not a mere contract for the possession and use of the premises during the term, ownership and dominion being retained by the landlord. The landlord performs his part of the contract when he makes the lease and delivers it to the tenant. From that moment the tenant is the owner of the premises during the term provided for in the lease." (Walsh Real Prop. p. 237.)

To what extent, therefore, could the defendant escape or release

herself from liability on this lease by parol proof of any change or cancellation?

Court decisions have, to a certain extent, lifted the ban against the modification of a written or sealed instrument by parol testimony. But in those instances one finds that the courts have invariably hedged in their rulings to the field of certain cases of estoppel; and to the executed modifications of a part of a contract under seal; and to certain wholly executory contracts, cautiously refraining from a complete repudiation of the rule or the provisions of the statute. (*Thomson* v. *Poor*, 147 N. Y. 402, at pp. 404 to 410; *Harris* v. *Shorall*, 230 id. 343, at p. 348; *Cammack* v. *Slattery Bros.*, 241 id. 39, at pp. 45, 46; *McCreery* v. *Day*, 119 id. 1, at p. 7.)

Of the firm conviction that these decisions are not aimed at the repeal of the Real Property Law requirements, nor at the complete abrogation of a written contract (in particular a lease under seal), one searches behind the rules formulated, looking for the reasons on which they are founded, to gain the intent and effect of these decisions.

Judicial explanation of the court's exception to the rule forbidding the change by parol of a sealed instrument is found in *McKenzie* v. *Harrison* (120 N. Y. 260), and also in *Imperator Realty Co.* v. *Tull* (*supra*, opinion of CARDOZO, J., at p. 455), and *Blanchard* v. *Trim* (38 N. Y. 225, at p. 228).

Reading some of the cases, one gathers that, in instances of a contract under seal, and more particularly in transactions involving a lease of real property for a term in excess of one year, the doctrine of estoppel or of parol rescission is to be invoked only where the application of such doctrine is consistent with recognition of, and a respect for, the established and unchanged requirements of the law.

Thus, while one finds emphatic declarations by the Court of Appeals: " In New York the solemnity of a seal has been much diminished," and that " The time to dispose of the rule effectively, if not now, is near at hand." (See *Harris* v. *Shorall*, 230 N. Y. *supra*, at p. 348.)

In a later case the court announced: " We had no thought, however, that all distinctions between sealed and unsealed instruments were swept aside." (*Crowley* v. *Lewis*, 239 N. Y. 264, at p. 266.)

One senses the same spirit from the reasoning in *Imperator Realty Co.* v. *Tull* (*supra*, at p. 456).

Withal, therefore, the courts still give obeisance to the statutory requirements for the conveyance of a two years' lease of real property. They also bow to the cardinal rule forbidding the

variance of a written contract by parol — a rule firmly imbedded and constituting part of our substantive law.

Then, again, this defendant's claim of an oral mutual cancellation or release of the lease under seal is fatally defective, for she would cancel an agreement under seal, no longer wholly executory, by an oral agreement to mutually release, based upon no other consideration than the understanding to release each other.

To sustain such a claim would work the enforcement of an oral transfer of an estate of real property for a term exceeding one year. The statute requires a writing, unless, in the case of a surrender, " by act or operation of law." (See Real Prop. Law, §§ 242, 259.)

If one may phrase the matter in timely language, the problem is not a question of modification, but one of repeal.

It cannot be controverted that the decisions instruct us that an agreement under seal may be canceled in a manner other than a writing under seal, although the circumstances and conditions under which this can be effected have not been conclusively and completely established. (See *Blanchard* v. *Trim, supra,* at pp. 227 and 228; *Imperator Realty Co.* v. *Tull, supra,* at p. 454.)

But this is not merely a question of the destruction of an existing agreement, but also the creation of a new agreement. This case involves a transfer of an estate or interest in real property for a term exceeding one year, and this can only be accomplished either by writing or by way of surrender and acceptance. (See Real Prop. Law, §§ 242 and 259.)

Here is the rub, for this could be done only in the way that the law provides or permits.

" By act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, * * *." (Real Prop. Law, § 242.)

The defendant is unable to perfect her defense by proof of actual physical surrender of the premises by her, coupled with their acceptance by the landlord, for the defendant never had actual possession, and an entry by the landlord before the term of the lease would not constitute a surrender and acceptance.

" And it seems that strictly, a surrender by act or operation of law, exists only where the new estate accepted by the lessee is created in writing. Such new estate being created in writing, it is regarded as of equal notoriety as a surrender in writing. (Rob. on Frauds, 253, 254; 2 Rev. St. 134, sec. 6.)

" The doctrine of surrender of an estate for years, by operation of law, has been applied to cases of a mere restoration, by the tenant of his possession, to the landlord; and where the landlord

with the consent of the tenant, grants an estate in the premises to a third person. In such cases, however, there can be no surrender implied in law, without an actual change of the possession. (*Nickells* v. *Atherstone*, 10 Ad. & E. N. S. 944; *Dodd* v. *Acklom*, 6 Man. & G. 673, 679.) " (*Lawrence* v. *Brown*, 5 N. Y. 394, at p. 404.) (See, also, annotator's note, Real Prop. Law, § 226, 49 McKinney Consol. Laws, at p. 236; *Ogden* v. *Sanderson*, 3 E. D. Smith, 166; *Dagett* v. *Champney*, 122 App. Div. 254; *Horgan* v. *Krumweide*, 25 Hun, 116; *Volkening* v. *Raymond*, 91 Misc. 53.)

" This statute, in terms, applies to the creation of a tenancy, not to its surrender, but the defendant points to the legislative policy that a parol surrender should be for a term no greater than may be created by parol, a policy indicated by the conformity of the general provisions of the Statute of Frauds with respect to the term which may be respectively created or surrendered without a writing." (*Levine* v. *Rosenstein & Co.*, 109 Misc. 299, at p. 301.)

Nor am I willing to concede that this case falls within the province of estoppel. To apply such a doctrine to a case of this type comes close to inviting the court to tear down the protection that law and statute has erected.

This is not a case of readiness to duly perform a condition or provision of a contract, where performance of such condition or provision has been waived. Nor is it an instance where there is a substitution of a different manner of performance of such provision or term, duly acted upon. It is a case of the complete cancellation of the entire sealed contract by an oral agreement resting exclusively upon a verbal stipulation of each side to release the other, and without any new consideration after one side has, by a sealed instrument, conveyed an estate and undertaken performance.

The court is also of the opinion that the alleged agreement to release was without a legitimate origin; for there is no presumption of the authority of the treasurer to execute a release or accept a surrender.

It may be that, if such an agreement was made by the treasurer, posing as authorized to make it, and if the defendant acted upon such implied or express warranty, and, in consequence of the treasurer's lack of authority to do the things he undertook to do, the defendant suffered damages, she would have a remedy against the treasurer individually, though not against his corporation.

At all events, one cannot mould a claim of estoppel against the plaintiff out of such evidentiary clay.

Motion denied.