OTTO HOSKE, Appellant, *v.* HENRY GENTZLINGER, Respondent.

*Landlord and tenant — protection given by chapter 357 of 1889 — when notice is unnecessary — right of a landlord to take peaceable possession of leased premises.*

Chapter 357 of the Laws of 1889 was enacted for the benefit of tenants; it requires from a landlord a notice of his intention to terminate a tenancy and protects a tenant from removal without his being afforded an opportunity to secure other property, but it has no application where the tenancy is terminated by the act of the tenant. In such a case there is no necessity for serving the notice provided for thereby.

There is no question as to the right of a landlord to the possession of his premises upon the termination of a lease thereof. He may enforce such right through a judicial proceeding, but he is entitled to re-enter upon the property without judicial process provided he can do so without violence or a breach of the peace.

The true owner may always regain possession of his property in a peaceable manner. When the entry of the landlord is peaceable he may lawfully resist any act of a former occupant to regain possession.

APPEAL by the plaintiff, Otto Hoske, from a judgment of the Supreme Court in favor of the defendant, entered in the office of

the clerk of the county of Kings on the 3d day of April, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit dismissing the plaintiff's complaint on the merits, and also from an order entered in said clerk's office denying the plaintiff's motion for a new trial.

*Meyer Auerbach, William N. Cohen* and *Henry L. Scheuerman,* for the appellant.

*Alfred & Charles Steckler,* for the respondent.

BROWN, P. J. :

This action was brought to recover damages for an alleged unlawful entry upon property on Graham avenue, in the city of Brooklyn, of which the plaintiff claimed to be in possession as a tenant of the defendant and for injury to property therein.

It appeared that the plaintiff had been in occupation of the premises as a monthly tenant of the defendant for upwards of three years. On June 1, 1891, he paid the rent for that month in advance to William Gentzlinger, the defendant's son and agent, and received a receipt which stated that the rent was for the month " to commence June 1, 1891, and ending July 1, 1891."

William Gentzlinger testified that when plaintiff paid him that rent he told him that he had bought a house on Meeker avenue and that he would move out of defendant's house at the end of June. That the witness could put up a notice " to let," and if any one came to see the house he would let them come in and would show it to them. Thereafter two notices were put on the premises; one was, " this house to let," and the other, " this business will remove to 50 Meeker avenue." The former remained on the house until a short time prior to July first, when the house was rented to another tenant, and the latter until it was removed by the defendant's agent.

On July first the plaintiff tendered to William Gentzlinger the rent for the month of July, which was refused, and in the afternoon of that day defendant, by his agent, broke open the door of the store on the first floor of the building and removed therefrom such property as was then therein. The amount and value of this property was in dispute, but it is of no importance upon this appeal.

By chapter 357, Laws of 1889, it is provided: " No monthly tenant shall hereafter be removed from any lands or tenements in the city of New York or in the city of Brooklyn on the grounds of holding over his term (except when the same expires on the first day of May), unless at least five days before the expiration of the term the landlord or his agent serves upon the tenant, in the same manner in which a summons in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy, and that unless the tenant removes from said premises on the day on which his term expires, the landlord will commence summary proceedings under the statute to remove such tenant therefrom."

The court charged the jury that, if the tenant gave notice of his intention to quit at the end of the month it was not necessary for the landlord to give the five days' notice required by law, and that the defendant had a right to take possession on July first, to which the plaintiff took an exception.

We are of the opinion that this charge was correct.

The statute quoted was enacted for the benefit of tenants. It required from a landlord a notice of his intention to terminate a tenancy, and protects tenants from removals without being afforded an opportunity to secure other property. But it has no application to a case where the tenancy is terminated by the act of the tenant. In such a case there is no reason that the landlord should serve a notice, and such a requirement would be a useless one.

The plaintiff having terminated the tenancy it was his duty to remove from the property on July first, and the defendant was entitled to take possession provided he could do so without violence or a breach of the peace. As to the landlord's right to possession at the termination of the lease there can be of course no question. He might enforce such right through a judicial proceeding, but he was entitled to re-enter on the property without judicial process provided he could do so without violence or a breach of the peace. The true owner may always regain possession in a peaceable manner of his own property, and when the entry is a peaceable one he may lawfully resist the attempt of a former occupant to regain possession.

The testimony shows that prior to July first the plaintiff had

removed his family and substantially all his property to the house on Meeker avenue. The store was unoccupied and the door locked. It was not wrongful to the plaintiff for the defendant to break the lock on the store door. In doing so defendant injured no property except his own, and the act was not an invasion of any of the plaintiff's rights.

There are other exceptions in the case, but they are without merit and require no notice.

The judgment must be affirmed, with costs.

CULLEN and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.