Orders of February, 1915, affirmed, with costs. Order of March 15, 1915, reversed, with costs, so far as it orders the case upon short cause calendar, and so far as it vacates the stay of March 1, 1915, affirmed, without costs.

---

ADOLF MANDEL, Landlord-Appellant, v. BENNY KOERNER, Tenant-Respondent.

(Supreme Court, Appellate Term, First Department, April, 1915.)

Landlord and tenant — tenancy from month to month — when notice to quit must be given — when tenant entitled to set off deposit against rent due.

Where there is a tenancy from month to month the landlord must give the tenant thirty days' notice to quit, and the mutual

obligation rests on the tenant to give the same notice to the landlord.

Where on August fourth the superintendent of banks took possession of the property and business of a private banker, a tenant of his who was in occupation of premises on the first day of the following month under an agreement made prior to said August fourth which provided that the tenancy should be from month to month, rent payable in advance on the first day of each and every month, the tenant is entitled to set off his deposit in the landlord's bank against rent due September first.

Reargument on an appeal from a final order rendered in the Municipal Court of the city of New York, borough of Manhattan, second district, directed for the tenant and against the landlord on an agreed state of facts.

Jeremiah T. Mahoney (Warren C. Fielding, of counsel), for appellant.

Harry W. Newburger (Lawrence S. Greenbaum, of counsel), for respondent.

Shearn, J. The landlord instituted summary proceedings against the tenant for the non-payment of rent for the month of September, 1914. Prior to August 4, 1914, the landlord was engaged in the business of private banker in the city of New York. On August 4, 1914, the superintendent of banks of the state of New York took possession of the landlord's property and business for the purpose of liquidating the same. On August 5, 1914, a petition in involuntary bankruptcy was filed against the landlord in the United States District Court, which proceedings at the time of the trial were still pending, no adjudication in bankruptcy having been made by that court. The tenant occupied an apartment in the premises of the land-

lord under an oral agreement, the terms of which must be spelled out of the following allegations in the agreed statement of facts:

" That Benny Koerner, the tenant herein, occupied an apartment in said premises at an agreed rental of $12.00 per month, which said sum was due and payable for the month of September, on the 1st day of September, 1914.

" That it was agreed between the landlord and the tenant that the said monthly rental of $12.00 shall be due and payable the 1st day of each and every month in advance, and said sum of $12.00, the rental of the premises for the month of September, was due and payable on the 1st day of September, 1914, which sum the tenant admits is due the landlord under said agreement."

The tenant was a depositor in the private bank of the landlord, and at the closing of the bank, August 4, 1914, had on deposit to his credit $490. Instead of paying the rent for the month of September, which was due and payable September first, the tenant demanded that the rent be set off against his deposit, which was refused by the superintendent of banks, on behalf of the landlord, whereupon these dispossess proceedings were instituted.

Both sides concede that the right to the set-off must be determined as of the time when the superintendent of banks took possession of the landlord's bank, which was August 4, 1914. The issue, then, is whether on that date there were mutual debts between the estate of the bankrupt landlord and the tenant. There being no dispute that the deposit was a debt of the bankrupt to the tenant, the question is merely whether the rent that fell due on September 1, 1914, was a debt on August 4, 1914. The rent accruing September 1, 1914, could not have been a debt on August 4,

1914, unless the tenancy was under an antecedent agreement for a term other than that of a monthly hiring. For example, if the tenancy had been under an agreement made prior to August 4, 1914, for a fixed term, or even from month to month, the situation would present a case of a claim maturing after bankruptcy based upon an obligation antedating bankruptcy, and thus warrant a set-off. Although the decision turns entirely upon the terms of the hiring, and although this case is said to be in the nature of a test and of general importance, for some inexplicable reason neither side devoted any consideration to this question in the briefs originally submitted. It is now urged by the respondent that it is clear from the agreed statement of facts that the tenancy was from month to month under an antecedent agreement, and, therefore, that the set off should be allowed. Respondent's conclusion would be entirely sound if the premises were true. Where there is a tenancy from month to month, the landlord must give the tenant thirty days' notice to quit and the mutual obligation rests on the tenant to give the same notice to the landlord. So that, if the tenant occupied the premises on September first under an agreement made prior to August fourth, which provided that the tenancy should be from month to month, rent payable in advance on the first day of each month, the tenant would on August first be under an obligation, then existing, to pay the September rent, whether he occupied the premises or not. On the other hand, if the tenancy were a monthly one, it would have to be renewed monthly, and to terminate the tenancy no notice would be necessary, and, consequently, the obligation to pay the September rent would spring into existence on September first, and not before.

Although there is a so-called agreed statement of

facts, and, although the controversy turns entirely upon the tenancy, the opposing counsel totally disagree as to the tenancy. Counsel for the appellant rejects the claim that the tenancy was shown to be from month to month. While the opinion of the court below refers to another and prior proceeding involving the rental for August, 1914, there is nothing before this court alleging, or even indicating, any occupation or agreement prior to September. The statement of facts merely alleges the occupation of the premises in September at an agreed rental of twelve dollars per month, due and payable for the month of September on the 1st day of September, 1914. True, it is also alleged that " it was agreed between the landlord and the tenant that the said monthly rental of $12 shall be due and payable on the first day of each and every month in advance," but it is not alleged that the agreement was made prior to August fourth or that the tenant occupied the premises in August pursuant to such an agreement. On the face of the statement of facts, it appears that the tenant hired the premises for the month of September, and from month to month thereafter. Such a hiring is a monthly one (*People ex rel. Aldhause* v. *Goelet,* 14 Abb. Pr. [N. S.] 130). "A renting of premises by the month, and which is to be from month to month, can bear but one interpretation, viz: that, to be continued, it must be renewed monthly, and to terminate the tenancy no notice is necessary." McAdam Landl. & Ten. (4th ed.), § 179, p. 672. Upon the agreed statement of facts submitted, concerning which counsel so radically disagree, it is impossible to spell out any obligation on the part of the tenant existing on August 4, 1914, to pay the rent that accrued on September 1, 1914. While the tenant fails in this proceeding, upon the statement of facts presented, the legal question of importance to all de-

positors who were tenants of Mandel is decided, so far as may be done herein, in favor of the contentions made in behalf of the depositors, to wit: tenants of Mandel who occupied the premises on August fourth pursuant to antecedent agreements, either for a fixed term or from month to month as distinguished from a mere monthly hiring, are entitled to set off their deposits, *pro tanto,* against rent subsequently accruing, until the termination of the tenancy by thirty days' notice. The decision heretofore rendered is adhered to and the final order appealed from reversed, with costs, but without costs upon reargument and a final order is directed to issue in favor of the landlord against the tenant, with costs in the court below.

GUY and PENDLETON, JJ., concur.

Final order reversed, with costs, and directed to issue in favor of landlord against tenant, with costs.