THE A. N. P. REALTY COMPANY, INC., Landlord, Appellant, *v.* LOUIS TUNICK, etc., Tenant, Respondent.

(Supreme Court, Appellate Term, First Department, February Term — filed March, 1921.)

Summary proceedings — monthly tenancy — when pleading of notice unnecessary — Laws of 1882, chap. 203, as amended by Laws of 1920, chap. 209.

A statute requiring a landlord to give notice of his intention to terminate a tenancy has no application where the tenancy is terminated by the act of the tenant.

Where a petition in summary proceedings against a monthly tenant holding over without the permission of his landlord alleges that the tenant, about the end of a certain month, notified petitioner that he would quit and surrender the premises, located in the city of New York, on the first day of the succeeding month, the dismissal of the petition for failure to allege

that the landlord had given the tenant the notice required by chapter 203 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920, is error, and the final order entered thereon in favor of the tenant will be reversed and a new trial ordered.

APPEAL by the landlord from an order dismissing the landlord's petition in the Municipal Court of the city of New York, borough of The Bronx, second district, for the removal of the tenant as a holdover.

I. L. Broadwin, for appellant.

Rosenberg & Rosenberg (Max Rosenberg, of counsel), for respondent.

LEHMAN, J.  The petition herein alleges that the tenant was a monthly tenant of premises owned by this landlord and that " in or about the end of October, 1920, the said Louis Tunick notified the petitioner herein that he the said Louis Tunick would quit and surrender the said premises on November 1, 1920, but holds over without the permission of the landlord." The tenant moved to dismiss this petition on the ground that it failed to allege that the landlord had given the tenant the notice required by chapter 203 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920, and the trial justice granted this motion.

In the case of *Hoske* v. *Gentzlinger*, 87 Hun, 3, the court held that the statute upon which the tenant relied " was enacted for the benefit of tenants. It required from a landlord a notice of his intention to terminate a tenancy, and protects tenants from removals without being afforded an opportunity to secure other property. But it has no application to a case where the tenancy is terminated by the act of the tenant. In such a case there is no reason that the landlord should serve a notice, and such a requirement

would be a useless one.'' In that case the landlord did not seek the remedy of summary proceedings but was himself sued for damages for an alleged wrongful action and the tenant seeks to distinguish that case on that ground, claiming that since the right to bring summary proceedings is purely statutory, the petition must allege all the facts necessary to bring the case within the provisions of the statute permitting such remedy and no plea or proof of other facts is sufficient to give the court jurisdiction nor can such jurisdiction be conferred by consent of the parties.

The petition of the landlord alleges all the facts required by section 2231 of the Code of Civil Procedure to give the court jurisdiction. The statute upon which the tenant relies does not give the court any new jurisdiction or provide for any new form of proceeding, but, on the contrary, it merely provides a condition precedent for the benefit of the tenant before the landlord can use the remedy which the legislature had previously created. Since that condition precedent was created solely for the benefit of the tenant, the tenant has a right to waive it and he does waive it when he himself gives notice of his intention to remove from the premises. Such waiver does not confer upon the court any new jurisdiction not granted by the legislature but merely removes the limitation upon the right of the landlord to bring such proceedings which the legislature had seen fit to enact for the benefit of the tenant.

Final order should, therefore, be reversed and a new trial ordered, with ten dollars costs to appellant to abide the event.

Mullan and Burr, JJ., concur.

Final order reversed and new trial ordered, with ten dollars costs to appellant to abide event.