1239 MADISON AVENUE CORPORATION, Plaintiff, *v.* AMOS S. NEUBURGER, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Ninth District, December, 1922.

Landlord and tenant — city of New York — adjudication of rent —when section 232 of the Real Property Law does not apply — tenant from month to month — thirty days' notice.

Prior to October 1, 1919, the defendant as tenant of an apartment in premises located in the city of New York secured a lease in writing from plaintiff's grantor for a term of one year commencing October 1, 1919, at an annual rental of $2,200 payable in equal monthly installments in advance on the first day of each and every month. On July 12, 1920, the plaintiff advised the defendant that from October 1, 1920, the rent of his apartment would be $3,000 a year. Three days later the defendant by registered mail notified plaintiff that not only would he not pay the increase in the rent but would assert his rights under the emergency rent laws, but no new letting or agreement therefor was ever made. In an action brought by plaintiff in November, 1920, to recover $250 for use and occupation of the apartment occupied by defendant for the month of October, 1920, it was adjudicated that the rent should be $210.84, which amount was paid by defendant and accepted by plaintiff as the rent for that month. This course was followed until May 31, 1922, at which time defendant vacated the apartment. In a letter dated May 6, 1922, and inclosing a check for $210.84, for " April rent " defendant advised plaintiff that he would move at the end of the month and on or about the twenty-fifth of May would forward him the rent for that month. The plaintiff in a reply letter advised defendant that it intended to hold him as a yearly tenant until October 1, 1922, but on May 18, 1922, defendant by letter repudiated the claim of the plaintiff. In an action to recover rent for the months of June and July, 1922, at the rate of $210.84 per month, brought upon the theory that under section 232 of the Real Property Law, as amended by chapter 130 of the Laws of 1920, the defendant was a tenant whose term expired October 1, 1922, *held*, that the parties having made no agreement to which said statute applied the defendant could not be held by reason thereof.

The defendant having, beginning November 1, 1920, paid to plaintiff rent at the amount adjudicated in the action to recover the rent for the month of October, 1920, and having continued to pay a similar amount monthly thereafter to and including the month of May, 1922, became a tenant from month to month.

The obligation of giving a thirty days' notice in order to terminate such a tenancy was mutual, and defendant's letter of May 6, 1922, must be held to be effective as of the end of June, 1922, for which month's rent he is liable, and plaintiff is entitled to judgment for $210.84.

ACTION for rent.

*Henry, Meyers & Manne* (*Charles Meyers*, of counsel), for plaintiff.

*Wise & Seligsberg* (*Isaac Lande*, of counsel), for defendant.

LAUER, J. This case is submitted to me under a stipulation

upon an agreed statement of the facts. It appears that the plaintiff was the owner of the premises known as 1239 Madison avenue in the borough of Manhattan, city of New York, wherein the defendant occupied an apartment as a tenant; that prior to October 1, 1919, the defendant, the tenant, had secured a lease in writing from the plaintiff's grantor for the term of one year from October 1, 1919, to September 30, 1920, at an annual rental of $2,200 payable in equal monthly installments in advance on the first day of each and every month; that on the 12th day of July, 1920, plaintiff advised the defendant that the rental of the apartment occupied by him would be $3,000 a year from October 1, 1920; that the defendant by registered mail on July 15, 1920, notified the plaintiff he would not pay the increased rental but would assert his rights under the so-called emergency rent laws; that the defendant thereafter continued in possession until May 31, 1922, " and no new let or agreement was made; " that in November, 1920, the plaintiff brought an action in the Municipal Court of the city of New York to recover the sum of $250 for rent for the use and occupation of the apartment occupied by the defendant for the month of October, 1920, and on or about December 8, 1920, it was adjudicated by a court and jury that the rent for said apartment for that month should be $210.84; that the defendant paid this amount to the plaintiff and the plaintiff accepted the same as rent for the month of October, 1920, and the defendant continued to pay and the landlord continued to accept rent monthly thereafter to and including the month of May, 1922; that on May 31, 1922, the defendant vacated the apartment; that on May sixth the defendant wrote the plaintiff inclosing check of $210.84 for "April rent" and in that letter advised the plaintiff that he, the defendant, would remove at the end of the month and would forward on or about the twenty-fifth of May rent for the month of May; that in reply a letter was written by the plaintiff to the defendant advising the defendant that plaintiff intended to hold him as a yearly tenant until October 1, 1922; that the defendant on May eighteenth wrote repudiating the claim of the plaintiff.

This action is now brought to recover rent for the months of June and July, 1922, at the rate of $210.84 per month. The plaintiff claims that the defendant by virtue of section 232 of the Real Property Law, as it was amended by chapter 130 of the Laws of 1920, was a tenant whose term expired October 1, 1922. This section of the Real Property Law, as it was amended by chapter 130 of the Laws of 1920, reads as follows: "An agreement for the occupation of real estate in the City of New York, which shall not particularly specify the duration of the occupation, shall be deemed

to continue until the first day of October next after the possession commences under the agreement."

The plaintiff claims, because this was one of the statutes, in fact the first of the statutes enacted in 1920, constituting the so-called emergency rent laws, and because in no other provision of these laws, then or thereafter enacted in amendment thereof, was the term of a tenant who held over fixed, that the legislature intended by the amendment of section 232, to which reference has been made, to have the term fixed for tenants as the first day of October next after the possession commenced.

The explanation of the committee which was responsible for the introduction of these laws in the legislature does not indicate that any such purpose was in the minds of the legislature. A reading of this explanation (see Lauer & House " The Tenant and His Landlord," p. 278, also pp. 37, 38) shows the purpose of the amendment to section 232 of the Real Property Law to be to do away with the practice of so-called " leasters," a term applied to lessees of a tenement house for a term of years, who took advantage of the housing emergency to exact excessive rents from tenants, making use of the ignorance of tenants who failed to secure written leases and who, therefore, under the law as it then existed were only monthly tenants for the purpose of securing increased rents. The statute in the form in which it existed from 1918 until amended in 1920 made no lease effective for more than a month unless in writing. This made possible repeated increases of rent and the legislature according to the committee's explanation thought that landlords generally were better able to protect themselves because of their experience and their facilities for preparing leases than the tenants who generally had no knowledge of the necessity for any writing and if they did were unable to prepare it. It said: " The present bill restores the law substantially as it was previously, except that it now provides that an agreement which does not particularly specify the duration of occupation shall be deemed to continue until the first day of October next after the possession commences."

This refers to the law as it existed prior to April 23, 1918, which fixed May first as the date of expiration of tenancies where the agreement between the parties did not particularly specify the duration of the occupation. Nowhere in the committee's explanation is there contained anything which would indicate that it was the intention of the legislature to have this law apply to tenancies created other than by agreement of the parties.

I am of the opinion that section 232 of the Real Property Law cannot have reference to the situation here created. That section refers to an agreement created by the parties and has no application

to an agreement where the tenants hold over. The parties hereto have made no agreement to which this section has application. *Stern* v. *Avedon & Co., Inc.*, 194 App. Div. 433, 437; affd., without opinion, 231 N. Y. 546. The principle of the law here applicable is well stated by Chief Judge Cullen in the case of *U. M. Realty & Imp. Co.* v. *Roth*, 193 N. Y. 570, 576: " The right of the landlord to treat the holdover as a tenant for a new term does not spring from the contract of the parties but is the penalty imposed by law upon the trespassing tenant." This case is cited with approval by the Appellate Division in the case of *Souhami* v. *Brownstone*, 189 App. Div. 1, 4, where the court in the course of the opinion, after quoting the language just referred to, makes this observation, which is pertinent to the circumstances of the present case: " I think it necessarily follows in this case that there was no agreement to be affected by the statute. A new lease was created by law and not by the agreement of the parties."

It follows, therefore, that the tenant cannot be held by reason of any provision of section 232 of the Real Property Law.

In the present case the tenant could not be held as a holdover for a new term after the expiration of the original term specified in the written lease even though the law in regard to holdovers should be considered as still in force, because the landlord did not exercise his option to regard the tenant as a holdover for another year. *Stern* v. *Avedon & Co., Inc.*, *supra*. According to the facts stipulated an action was brought in November, 1920, to recover $250 for rent for " the use and occupation for the month of October, 1920." Apparently the landlord did not claim that the tenant was a holdover for another year. The question, therefore, whether a tenant holding over under a yearly lease is obligated at the option of the landlord as a tenant for another year, which was the rule of the common law, is not here presented.

While various courts in the course of the written opinions have given expression to language to the effect that since the enactment of the so-called emergency rent laws " a statutory tenancy was, in effect, created, provided the tenant sees fit to remain in possession by virtue of these laws " (*440 West End Avenue, Inc.*, v. *Dempster*, 200 App. Div. 101, 102) and that " a new form of tenancy " was created by these laws (*Hall Realty Co.* v. *Moos*, 115 Misc. Rep. 506, 508), I know of no case in which it has been held that a landlord no longer had the right to regard the tenant as a holdover for another term where he held over after the expiration of his term, where that question was directly presented and the defense of unreasonableness of the rent, as allowed by the statute (Laws of 1920, chap. 944; Civil Practice Act, § 1410, subd. 2a, as amd. by Laws of 1921,

chap. 371), was not interposed by the tenant. It would seem that the landlord no longer has the option, which he had at common law, of regarding the tenant holding over as a trespasser (see *Schuyler v. Smith,* 51 N. Y. 309 and cases cited), because the statute confers the right upon the tenant to remain (see *440 West End Avenue, Inc., v. Dempster, supra*), or at least denies to the landlord the use of the courts to dispossess the tenant where the tenant is willing to pay or does pay "reasonable rent." It may be that it will be held that the right to regard the tenant as a holdover tenant may still exist, subject, however, to the right of the tenant to question the reasonableness of the rent, pursuant to the provisions of the emergency laws. If the theory on which a tenant is held who holds over after the expiration of his term is as stated by Chief Judge Cullen in the case of *U. M. Realty & Imp. Co. v. Roth, supra,* that it "is the penalty imposed by law upon the trespassing tenant," it is difficult to see how if the tenant is not a "trespassing tenant" the penalty of holding him for a new term can be imposed. This question, as I have said, is, however, not here involved.

Under the facts stipulated in the present case I am of the opinion that the tenant became a tenant from month to month. The tenant voluntarily paid to the landlord as rent for the month beginning November 1, 1920, $210.84, the amount which was adjudicated for rent for the month of October as a result of the action instituted by the landlord in November, 1920, and continued to pay a similar amount monthly thereafter to and including the month of May, 1922. The tenant thus became a tenant from month to month. In order to terminate a tenancy of that character thirty days' notice is required. The obligation of giving this notice in order to terminate the tenancy is mutual. If the landlord desires to terminate the tenancy, he must give the required notice and a similar notice is required of the tenant if he desires to terminate the tenancy. As stated in the opinion in the case of *Mandel* v. *Koerner,* 90 Misc. Rep. 9: "Where there is a tenancy from month to month, the landlord must give the tenant 30 days' notice to quit, and the mutual obligation rests on the tenant to give the same notice to the landlord." *Oppenheimer, Eisler Realty Co.* v. *Wendler,* 111 Misc. Rep. 177. Formerly, as it is noted in both of the cases last cited, there was a distinction as to the notice required in the case of tenants from month to month and monthly tenants. This was obviated by the passage of chapter 209 of the Laws of 1920, which required in the case of tenants, either monthly or from month to month, in the city of New York at least thirty days' notice before the expiration of the term in order to terminate the relationship.

It would seem, therefore, that the defendant's letter of May 6, 1922, not having been given at least thirty days before May thirty-first, when the notice stated that the defendant would move, is insufficient. The defendant having moved on May thirty-first would nevertheless be liable for the June rent. The tenant having acted upon the notice of May sixth and moved at the end of that month it must be held to be effective as of the end of June. The defendant, therefore, would be liable according to my interpretation of the relationship and acts of the parties for the June rent.

Judgment should be, therefore, for the plaintiff for $210.84.

Judgment accordingly.