1239 Madison Avenue Corporation, Appellant, *v.* Amos S. Neuburger, Respondent.

First Department, February 8, 1924.

Landlord and tenant — reasonable rental of apartment in New York city was fixed in action after expiration of yearly tenancy on September 30, 1920 — rent was paid thereafter by month — tenant is not holdover tenant for year, but is statutory tenant under Emergency Rent Laws — Real Property Law, § 232, not applicable — tenancy is not one from month to month and tenant is not required to give any notice that he intends to vacate.

A tenant of an apartment in New York city who remains in possession after the expiration of a yearly lease on September 30, 1920, and pays rental monthly that is fixed in an action brought for the purpose of adjudicating the reasonable rental of an apartment, is not a holdover tenant obligated for another year,

but is a statutory tenant under the Emergency Rent Laws, holding at will so long as he desires to remain in possession, and section 232 of the Real Property Law does not apply.

A tenant who is in possession under the circumstances stated is not a tenant from month to month, and, therefore, he is not required to serve any notice upon the landlord of his intention to vacate the premises, but may vacate at any time without a notice and without liability for further rental.

APPEAL by the plaintiff, 1239 Madison Avenue Corporation, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 14th day of June, 1923, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiff, and dismissing the complaint upon the merits.

*Henry, Meyers & Manne* [*Benjamin Machinist* of counsel; *Charles Meyers* with him on the brief], for the appellant.

*Wise & Seligsberg* [*Milton Winn* of counsel; *Isaac Lande* with him on the brief], for the respondent.

MARTIN, J.:

This action was brought on behalf of the plaintiff, as owner of premises 1239 Madison avenue, in the borough of Manhattan, city of New York, to recover the rent alleged to be due for the months of June and July, 1922, at the rate of $210.84 per month. The answer was a general denial.

The defendant was a tenant of the plaintiff, occupying an apartment in premises 1239 Madison avenue, Manhattan, New York city, under a written lease, from October 1, 1919, to September 30, 1920, at an annual rental of $2,200 per year, payable in equal monthly installments in advance on the first day of each and every month. On or about the 12th day of July, 1920, plaintiff advised the defendant that the rental for the apartment occupied by him would be $3,000 per annum from October 1, 1920. The defendant notified plaintiff that he would not pay the increased rental and would assert his rights under the so-called Emergency Rent Laws. In an action brought in the Municipal Court of of the City of New York, Borough of Manhattan, Ninth District, the court and a jury on December 8, 1920, adjudicated the reasonable rental value of the apartment occupied by the defendant for the month of October, 1920, to be $210.84. The defendant paid that amount as rent for the month of October, 1920, and continued to pay a similar amount thereafter to and including May, 1922; and the plaintiff herein accepted such sums of money each month as rent for said premises. On May 31, 1922, defendant vacated his apartment. On May 6, 1922, when remitting the rent

for April, the defendant in writing notified an officer of the plaintiff that he would vacate his apartment at the end of May, 1922. The plaintiff in writing informed the defendant that it would not accept the surrender of the apartment and intended to hold the defendant as a yearly tenant until October 1, 1922. On May 18, 1922, the defendant replied to the plaintiff, asserting that he had no agreement, understanding or obligation for any definite period, and that he would remove on June 1, 1922, and would not recognize the alleged claim of the landlord as to the duration of his tenancy.

The plaintiff contended *first*, that the payment of rent by the tenant after the adjudication in December, 1920, of the reasonable rental value of his apartment for the month of October, 1920, and its acceptance by the landlord, restored the relationship of landlord and tenant between the parties, and there being no other agreement between the parties, that section 232 of the Real Property Law (as amd. by Laws of 1920, chap. 130) applied at the time defendant vacated the apartment and that, therefore, he was liable for rent until October 1, 1922; *secondly*, even if it were held that section 232 of the Real Property Law did not apply, that, in any event, the defendant was a tenant from month to month and his failure to give proper notice of his intention to terminate his tenancy rendered him liable for rent for the period sued for.

The trial court was of the opinion that section 232 of the Real Property Law did not apply to the case at bar, for the reason that it applies only where there is an actual agreement and not where the tenant remains in possession by virtue of the Emergency Rent Laws. The trial court also held that defendant was a tenant from month to month, and that, as such, thirty days' notice was required to terminate the tenancy, and, in view of the fact that the defendant's notice was given on May 6, 1922, held it to have been insufficient and accordingly gave judgment for the sum of $210.84, being the rent for one month. (119 Misc. Rep. 662.)

From this judgment both plaintiff and defendant appealed. The Appellate Term, in a *per curiam* opinion, with one justice dissenting, determined that the Municipal Court correctly decided that section 232 of the Real Property Law did not apply, and that the same reasoning negatived the conclusion that the defendant was a tenant from month to month, and after reversing the judgment of the lower court, dismissed the complaint upon the merits. (200 N. Y. Supp. 174.) From this judgment plaintiff appeals.

Defendant contends that after the expiration of his written lease on September 30, 1920, he remained lawfully in possession as a statutory tenant, liable to the landlord for a reasonable rental so long as, but only so long as, he saw fit to remain in possession,

and that he could end the relationship without any notice to the landlord.

Plaintiff having sued for the October, 1920, rent and having had an adjudication that the rent was different from that called for in the lease, it is apparent that the defendant is not a holdover for a year. That was in effect an adjudication that there was no lease and no holdover for a year; for the court made a new rental, which would not have been done were the tenant a holdover.

He was a " statutory tenant " under the Emergency Rent Laws as this court has held in *440 West End Avenue, Inc.,* v. *Dempster* (200 App. Div. 101), and not a holdover for a year. This court in that case held that such an action could not be maintained. The opinion in that case states " * * * that the complaint shows that the defendant, by holding over after the expiration of his term, is lawfully in possession and has become a statutory tenant and is liable to the landlord only for a reasonable rental while he sees fit to remain in possession."

. It remains to determine whether such statutory tenancy partakes of the nature of a tenancy from month to month to the extent that the tenant must give thirty days' notice to terminate it. (*Mandel* v. *Koerner,* 90 Misc. Rep. 9; 152 N. Y. Supp. 847.)

Is a tenant who continues in possession by virtue of the Emergency Rent Laws subject to the requirement of notice to end the relationship, in the same manner that a tenant from month to month would be? The statute does not provide that the tenant may remain only if he assumes the obligations imposed on a tenant from month to month, but permits him to stay without terms excepting that he pay the reasonable rent.

That there is no such implication is to some extent indicated by the principal act, as amended by chapter 664 of the Laws of 1922. It begins with section 1, the kernel of the Emergency Rent Laws, proscribing unreasonable rents.* Then we find section 1-a, which was added by the act of 1922, providing that to maintain an action for increased rent the landlord must allege and prove that at least thirty days' notice of such increase in writing has been given. Where the month's rent sued for is not greater than the rent of the month before, such notice is not required.

Nor is a requirement that the tenant give notice to relieve himself of the obligation to pay a reasonable rent to be implied from the provision that the landlord must give thirty days' notice to increase the rent. The statute, originally enacted in April, 1920 (Laws of 1920, chap. 136), and revised in September, 1920 (Laws of 1920,

---

* Since amd. by Laws of 1923, chap. 892.— [REP.

chap. 944), did not embrace this requirement. (See, also, Laws of 1921, chap. 434; Laws of 1922, chap. 663.) It was subsequently imposed on the landlord by legislative enactment (*supra*), following conflicting judicial interpretations as to the necessity therefor. That it was not likewise expressly imposed on the tenant is sufficient to warrant our conclusion that no similar requirement applies to the tenant.

The determination appealed from was correct and should be affirmed, with costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Determination affirmed, with costs.