JOHN BOYAR, Plaintiff, *v.* JULIUS WALLENBERG, Defendant.

City Court of Buffalo, February 24, 1928.

**Landlord and tenant — termination of tenancy — lease of premises from month to month — tenant cannot terminate lease without notice to landlord — claim for damages to premises sustained in part.**

Where a lease of real property is from month to month, the tenant cannot terminate the lease without notice to the landlord. Therefore, since the plaintiff vacated the premises without giving notice, he is liable in this action to recover one month's rent.

The obligation to give a month's notice to terminate a tenancy from month to month is reciprocal, resting upon the landlord and tenant with equal force.

The claim by the plaintiff for damages for injury to the property is sustained in part.

ACTION for rent and for damage to premises.

*Jules J. Neifach,* for the plaintiff.

*George C. Hillman,* for the defendant.

HARTZELL, J. This is an action by the plaintiff against the defendant to recover the sum of thirty dollars for one month's rent of premises located at 959 Sycamore street, in the city of Buffalo, N. Y., for the month of December, 1927, and also, as a second cause of action, the sum of nineteen dollars and seventy-five cents, alleged by the plaintiff to have been the amount of damage to the premises in question, occasioned by the use of the same by the defendant, totaling a demand for forty-nine dollars and seventy-five cents altogether.

It appears from the evidence in this case that the plaintiff and the defendant entered into a lease of said premises from month to month, commencing on the 1st of October, 1927, at the agreed monthly rental of thirty dollars per month; same being payable on the first day of each month, in advance; that pursuant to said lease the defendant entered into occupancy of the premises and remained therein up to and including the 27th of November, 1927; that on said last-mentioned date the defendant vacated the said premises without giving any due notice of his intentions to remove from the same.

The defendant testified he gave verbal notice to the plaintiff on November 30, 1927, of his intention to move. It is conceded that a due notice in writing was not given by the defendant.

Counsel for the defendant claims that under the provisions of the Real Property Law the only notice required to vacate a tenancy from month to month is to be given by the landlord; that no such notice is necessary so far as the tenant is concerned.

It seems that considerable conflict of opinion exists in reference to the subject of notice in the reported cases. The phrases " by the month " and " from month to month " are sometimes used indiscriminately by the courts, although the best use of these terms, as I understand it, is that " by the month " is for the fixed term of one month, for which no notice is necessary, and " from month to month " means for an indefinite hiring for which notice is required. To add to the confusion, some cases hold that one month's notice is not necessary, but only a reasonable notice is required to terminate the tenancy in certain cases. The nature of the hiring depends, of course, upon the terms by which the premises are taken. But the trouble with this class of cases is that the evidence of such terms is often fragmentary or almost wholly lacking in a great many of the cases coming before the court.

Section 228 of the Real Property Law provides for thirty days' notice by the landlord in order to terminate a tenancy by will or at sufferance. There is no statutory provision requiring a like notice by the tenant to terminate the tenancy. The courts though hold that such notice is reciprocal, and is an obligation resting on the tenant as well as upon the landlord in order to terminate the tenancy. The reasoning of this rule probably is that the statute requiring the landlord to give the notice in order to terminate the tenancy, that in case it is not so given it still exists, and, existing, it creates an obligation on the part of the tenant to pay rent for the ensuing month, if he vacates without himself giving notice, as it is a continuing and subsisting tenancy, until terminated by notice. Furthermore, it may be said that, in the absence of statutory requirement, it was provided at common law that a tenancy at will or at sufferance could only be terminated by giving notice, the obligation resting equally upon landlord and tenant.

The case of *O'Brien* v. *Clement* (160 N. Y. Supp. 975) holds that a tenant from month to month is required to give a month's notice of intention to quit. That was an action brought in the city of Buffalo, and was tried before Mr. Justice Wheeler, sitting in Special Term of the Supreme Court. In his opinion, holding as above, he cites numerous cases sustaining this finding, and lays down a rule that is in direct conflict with that suggested by the defendant as being applicable to the case at bar. Mr. Justice Wheeler says: " If the landlord had undertaken to oust the tenant on her part without the month's notice to terminate the tenancy, want of such notice would have been a perfect defense to proceedings to oust the defendant. A reciprocal obligation rested on the tenant to give the month's notice."

In the case of *Hand* v. *Knaul* (116 Misc. 714) the court held: " The tenancy from month to month is where the tenant's term is indefinite and uncertain although the rent is paid monthly and is described in some of the cases as an ' indefinite tenancy from month to month.' * * * Such a tenancy requires a notice of thirty days for its termination. This is not under any statute but is probably due to its analogy to a tenancy at will or by sufferance which is for an indefinite term * * * and requires a notice of thirty days to terminate. * * * Likewise, it is somewhat analogous to the common law tenancy from month to month, which required a month's notice to terminate. * * * Where there is an obligation to give notice, other than statutory, it is binding on both parties, their rights and duties being correlative and reciprocal."

In *Witherbee, Sherman & Co.* v. *Wykes* (159 App. Div. 24) the

court held that an indefinite tenancy from month to month required a notice of thirty days to terminate.

In *Mandel* v. *Koerner* (90 Misc. 9) the court held that tenants who occupy premises under a tenancy from month to month as distinguished from a mere monthly hiring are liable for rents subsequently accruing until the tenancy is terminated by thirty days' notice.

I am of the opinion the weight of authority, notwithstanding the conflict upon the proposition that exists in the various cases bearing upon this question, is to the effect that, the obligation to give the month's notice to terminate a tenancy of this kind is reciprocal, resting upon the landlord and tenant with equal force. I, therefore, find the defendant is liable to the plaintiff for the amount of money claimed for the rent.

In reference to the claim for damages, I find that the evidence sustains the proposition that there was some damage done to the plaintiff's premises by the defendant during his occupancy, for which he is responsible. Several of these matters are trivial, and manifestly would not have been taken notice of by a landlord, generally speaking, upon the vacation of premises by his tenant. The amount demanded for the damages in the plaintiff's complaint is nineteen dollars and seventy-five cents. I find the damage sustained by the plaintiff in this respect amounted to fourteen dollars and fifty-five cents.

Judgment is, therefore, rendered accordingly.