HYMAN ERTISCHEK, Plaintiff, *v.* " EDWARD " BLANCO, First Name Fictitious, True Name Unknown to Plaintiff, Defendant.

Municipal Court of New York, Borough of Brooklyn, Seventh District.
January 30, 1940.

*Daniel J. Siegler*, for the plaintiff.

*Meyer H. Slack*, for the defendant.

RUVOLO, J. This case is submitted to me under a stipulation upon an agreed statement of facts. From said stipulation it appears that " in or about the end of August, 1939, the defendant herein rented an apartment in a building owned by the landlord [located at Nos. 159–161 Pennsylvania avenue, in the borough of Brooklyn, city of New York] for the month of September, 1939, at the agreed rental of $35 per month, which defendant paid to the plaintiff in advance; that on or about the 10th day of September, 1939, the defendant orally notified the plaintiff that he intended to remove from said apartment at the end of the month, and the defendant actually removed from said apartment on September 27, 1939, and did not thereafter occupy the same."

On October 30, 1939, the plaintiff brought this action to recover the sum of thirty-five dollars for the month of October, 1939, on the theory that under the law the plaintiff-landlord was entitled to

thirty days in writing from the tenant-defendant of his intention to terminate his tenancy; that the tenant-defendant failed to give such notice, and gave instead twenty days' notice verbally; that the landlord elected to treat the tenant as a holdover because of such failure to give proper notice, and that, therefore, he is entitled to judgment for the ensuing month's rent at the agreed rate of thirty-five dollars.

By section 46 of chapter 661 of the Laws of 1939, the Real Property Law was amended to include a new section reading as follows:

"§ 232-a. Notice to terminate monthly tenancy or tenancy from month to month in the city of New York. No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a precept in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom."

This statute, in reality, is not new. It was formerly known as chapter 209 of the Laws of 1920 (Uncons. Laws), and had been derived from chapter 303 of the Laws of 1882, as amended by chapter 357 of the Laws of 1889, by chapter 512 of the Laws of 1919 and by chapter 649 of the Laws of 1919.

Prior to the passage of chapter 303 of the Laws of 1882, the termination of monthly tenancies and tenancies from month to month throughout the State, including the city of New York, had been regulated by the Revised Statutes (R. S. pt. 2, chap. 1, tit. 4, §§ 7, 8, 9), now known as section 228 of the Real Property Law.

Section 228 of the Real Property Law provides for thirty days' notice by the landlord to the tenant in order to terminate tenancies at will or at sufferance.

Some courts have held this to apply to monthly tenancies and tenancies from month to month and they have spelled out a reciprocal requirement on the part of the tenant to give thirty days' notice to the landlord of his intention to quit the premises. (*Boyar* v. *Wallenberg*, 132 Misc. 116, and other cases therein cited.)

Whatever be the correctness of this interpretation and its application to sections of the State other than the city of New York, I am of the opinion that this does not apply to monthly tenancies and tenancies from month to month in the city of New York, which are the subject of special regulation under section 232-a of the Real Property Law.

Under this latter section the obligation to give thirty days' notice to terminate a monthly tenancy or a tenancy from month to month rests *solely* on the landlord. Our courts have held that this statute was enacted for the benefit of the tenant and that thirty days' notice on the part of the tenant was not required. (*Hoske* v. v. *Gentzlinger*, 87 Hun, 3; *A. N. P. Realty Co., Inc.*, v. *Tunick*, 115 Misc. 190, 192; *Rogan* v. *Weiss*, Id. 193.)

In the last case (*Rogan* v. *Weiss*) the Appellate Term of the First Department stated as follows: " The landlord has brought an action for the rental value of premises occupied by a monthly tenant. His complaint was dismissed on the ground that before the landlord can bring such an action he is required to serve upon the tenants the notice specified in chapter 303 of the Laws of 1882, as amended by chapter 209 of the Laws of 1920. Prior to the enactment of that statute, a monthly tenant could be removed by the landlord at the expiration of the month without any previous notice, because a monthly tenancy is a tenancy for a definite period, and a tenant occupying premises for a definite period is compelled to quit the premises at the end of such period. The statute did not create a new kind of tenancy, and the tenant has always had the right to remove from the premises at the expiration of his term, but it took away from the landlord the right to remove the tenant by summary proceedings or by re-entry obtained in any other way, unless he had previously given the required notice to the tenant. For practical purposes, if the tenant could not be removed from the premises without a previous notice, the statute had the same effect as if it had provided that unless the landlord gave previous notice to the tenant, the tenant had the option of automatically renewing his monthly tenancy at the expiration of the month by remaining in the premises. In other words, it compelled the landlord to accept the tenant as a holdover without any alternative of treating him as a trespasser." (By LEHMAN, J., *Rogan* v. *Weiss*, 115 Misc. 193, 194.)

If the Legislature had intended to impose a reciprocal obligation on the tenant to serve a thirty days' notice of his intention to quit the premises, it would have so stated.

" That it was not likewise expressly imposed on the tenant is sufficient to warrant our conclusion that no similar requirement applies to the tenant." (MARTIN, J., in *1239 Madison Ave. Corp.* v. *Neuberger*, 208 App. Div. 87.)

And if the inquiry is made as to the reason why the Legislature should impose an obligation on the landlord without imposing a similar obligation on the tenant, the answer would obviously be that it has never been thought necessary to protect the wolf from

the lamb, but that it has often been found necessary to protect the lamb from the wolf.

I am of the opinion, therefore, that the tenant in this case was under no obligation to give thirty days' notice to the landlord of his intention to relinquish the apartment in question; and since he vacated from the said apartment before the expiration of his term the landlord cannot recover any rent for the ensuing month.

I hereby find and decide that the complaint herein should be dismissed and that judgment should be entered in favor of the defendant.