Smiling Lady Corporation, Landlord, *v.* Estate of Samuel J. Rosenthal, Doing Business as Rosenthal Bros., Tenant, and Peter F. Heller, Undertenant.

Municipal Court of the City of New York, Borough of Manhattan, September 23, 1946.

*Harold L. Lipton* for landlord.

*Victor Whitehorn* for tenant and undertenant.

LORETO, J.  This summary proceeding is brought by the landlord to recover possession for its personal and immediate use the sixth floor in the building No. 543 Broadway, New York City, used by the tenant for commercial purposes.

The need of the landlord has been satisfactorily proved. Anticipating an order, already granted, evicting it from premises where it is now doing business, it purchased the premises in question, thereby revealing an inevitable cycle which is currently taking place.  The landlord has also satisfactorily proved the requirements of the statute as to the amount of purchase price paid for the property and of the percentage of its investment in the business it intends to operate in the said premises.

At the conclusion of the trial, the court reserved decision on the tenant's motion to dismiss the proceeding made on the ground that no notice of termination of the tenancy was served upon the tenant and undertenant.

It appears that a written lease for the period commencing February 1, 1944, and ending January 31, 1946, had been entered into with the landlord's predecessor.  Samuel J. Rosenthal, doing business as Rosenthal Bros., is named therein as lessee, and it is signed "Rosenthal Bros. by Samuel J. Rosenthal."  A trade name certificate had been filed in the County Clerk's office under the trade name "Rosenthal Bros." by Samuel J. Rosenthal stating that he " was doing business as

successor in interest under the name of Rosenthal Bros., at #543 Broadway, New York." The said Samuel J. Rosenthal died on April 13, 1945. Thereafter, his widow, Sylvia Rosenthal, was named as executrix of his last will and testament by the Surrogate of Kings County.

Upon the death of Samuel J. Rosenthal, his brother-in-law, Peter F. Heller, took possession of the leased premises, and he filed certificate in the county clerk's office under the trade name of "Rosenthal Bros." stating that he was "doing business as successor Trustee in place of Samuel J. Rosenthal, deceased under paragraph 20 of the will of Ernestine Rosenthal, under the name of Rosenthal Bros. at #543 Broadway, New York." Both Heller and the deceased Rosenthal acted under the same will and trust.

Under date of December 7, 1945, the prior owner forwarded a letter to the tenant addressed to "Rosenthal Bros. #543 Broadway, New York", calling attention to the fact that the lease would expire on January 31, 1946, and that he had decided not to renew it. Other letters similarly addressed were also mailed shortly prior thereto. The receipt of these communications was not denied.

A thirty-day notice was on June 28, 1946, personally served upon Peter F. Heller, who stated at the time of the service that he was in charge of the premises. It was addressed as follows: "Mr. Samuel J. Rosenthal, d/b/a Rosenthal Bros. 543 Broadway, New York, N. Y." It states in part: "Dear Sir: Please be advised that we are the owners and landlord of premises known as #543 Broadway, Borough of Manhattan, City of New York; that as such we hereby elect to terminate as of July 31, 1946 your month to month tenancy covering the space now occupied by you and known as the sixth floor in the said premises * * *."

By an order dated August 19, 1946, the caption of the precept and petition was amended so as to name as tenant "Sylvia Rosenthal, as Executrix of the Estate of Samuel J. Rosenthal, doing business as Rosenthal Bros." and to name as undertenant "Peter F. Heller, as successor Trustee of Samuel J. Rosenthal, doing business as Rosenthal Bros."

The contention is made that no thirty-day notice has been served upon Sylvia Rosenthal and Peter F. Heller, and that at most there has been made a futile attempt to serve a deceased person whose estate is not even a party to this proceeding.

The question as I see it is simply reduced to this — must the tenant or occupant be correctly addressed in the written notice

or is it sufficient if he is fairly and reasonably identified by it and its contents when he is personally served with it?

The real and actual occupant of the premises as successor tenant or occupant was in fact served with the thirty-day notice.

I am of the opinion that the notice was sufficient. Section 232-a of the Real Property Law applicable to premises situated in New York City, states "No monthly tenant, or tenant from month to month, shall hereafter be removed  *  *  *  on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a precept in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy  *  *  *."

The statute requires service of the thirty-day notice upon "the tenant." It does not state how he must be named; it only requires that the notice be served in the same manner in which a precept in summary proceedings is served.

It is not within the province of the court to add to the express statutory requirements. Correct designation of the tenant in the notice is not specified as a requisite. The recipient of the notice, who is served in the manner prescribed by the statute and perforce must know that it is intended for him by reason of the contents of the notice as well as other facts within his personal knowledge, will not be heard to complain that he was not correctly named or specified in the notice.

Section 1421 of the Civil Practice Act states the various ways a precept may be served. Subdivision 1 thereof provides for personal delivery upon the person to whom it is directed. Subdivision 2 thereof provides that substituted service may be made upon the person to whom it is directed if he is absent from his dwelling house, by delivering a copy of the precept and petition upon a person of suitable age and discretion who resides there; and if no such person can with reasonable diligence be found there upon whom to make service, then by delivering a copy of those papers "at the property sought to be recovered, either to some person of suitable age and discretion residing there, or, if no such person can be found there, to any person of suitable age and discretion employed there."

The service upon Peter F. Heller at the premises sought to be recovered in my opinion satisfies the requirements of the statute. Obviously no personal service could be effected upon the deceased Samuel J. Rosenthal nor could substituted service be made at his dwelling house as he had none after his decease.

Therefore, the service made at the premises sought to be recovered comes within the alternative method stated in subdivision 2 of this section.

Peter F. Heller not only was employed there; he was in charge of the business. In fact, he, as successor trustee of his deceased brother-in-law, doing business at those premises under the trade name of "Rosenthal Bros." was unmistakably the person to whom that notice was directed. At those premises, he was "Rosenthal Bros." Therefore, he was the designee of the notice, having succeeded upon the death of Samuel J. Rosenthal to the trade name and the occupancy of the premises.

After his death, Samuel J. Rosenthal was no longer the tenant or occupant, having been succeeded by Peter F. Heller. Therefore, service of the thirty-day notice was not required upon the deceased. The executrix of his estate merely stands in his shoes, having acquired no greater rights than he would have. What would have been proper service of the notice upon him, is sufficient for her. This, as has already been indicated, was accomplished by the service made upon Peter F. Heller.

In view of the foregoing, it becomes unnecessary to consider whether the case cited of *1239 Madison Avenue Corporation* v. *Neuburger* (208 App. Div. 87) is decisive as suggested of the point that the service of a thirty-day notice required by section 232-a of the Real Property Law is not required upon a statutory tenant.

Accordingly, a final order is directed for the landlord. Counsel are requested to make an appointment to discuss the period of stay to be given.