HECHT COMPANY, Landlord, Respondent, *v.* FREDERICK KUERNER, Doing Business Individually as FRED KUERNER Co., Tenant, Appellant.

Supreme Court, Appellate Term, First Department, February 20, 1947.

*Harold Davis* for appellant.

*Paul Amerling* and *Saram Amerling* for respondent.

SHIENTAG, J. The landlord instituted this summary proceeding against the tenant on April 2, 1946, to obtain possession of the premises for its own use. The property was commercial space. The petition recited that the tenant's lease expired on January 31, 1946, and that he held over without the consent of the landlord; that on March 7, 1946, the present landlord took title to the premises; that it seeks in good faith to recover possession of the business space occupied by the tenant for its immediate use in connection with its department store, in which business the landlord has an interest of more than 50%; and that the landlord's equity in the premises is more than 25% of the purchase price.

Attached to the petition was an affidavit by an attorney for the landlord stating that on March 8, 1946, he caused to be served upon the tenant a notice in writing to vacate the premises occupied by him within thirty days from the date of the receipt of the notice, and that the notice was duly received by the tenant on or before March 11, 1946. The affidavit recited that the notice was made part of the petition and precept served upon the tenant.

The tenant appeared by his attorney on April 12, 1946, the return date of the precept. The case did not go to trial. The tenant personally was in court and after a discussion with the court, a stipulation was entered into by the parties in writing, whereby the proceeding was settled and compromised. The tenant consented that a final order be made in favor of the landlord with a stay of execution until July 12, 1946, the tenant being given the right on or before July 1, 1946, to apply for an extension of the stay of execution for an additional thirty days. It was further stipulated that the tenant would pay the landlord for the use and occupation of the premises the sum of $106.42 monthly.

On June 26, 1946, the tenant appearing by a different attorney obtained an order in the Municipal Court, returnable on June 28, 1946, directing the landlord to show cause why the final order and stipulation, both dated April 12, 1946, should not be vacated and the petition and proceedings dismissed, or, in the alternative, why an order should not be made extending the stay until October 12, 1946. The affidavit of the tenant merely recited that he had been unable after diligent search to obtain other space in which to move his business, and asked for an additional three months' extension of the stay. The affidavit of his new attorney went further. He recited that the petition and precept did not contain the jurisdictional allegations required by the Civil Practice Act and by the Commercial Rent Law; that the affidavit attached to the precept showed on its face that less than thirty days' notice was given to the tenant, and that it was not served in the manner required by law; that the landlord did not have an equity of 25% in the property as the petition alleged; and that under the emergency rent statute the tenant could not waive this requirement. On those grounds, as well as others not here material, the attorney asked that the stipulation and final order be vacated and the proceeding dismissed, or, in the alternative, that an additional three months' stay of execution be granted.

The motion to vacate the stipulation and dismiss the proceeding was denied, but the stay was extended to and including October 12, 1946. From the denial of that part of the motion which sought to vacate the stipulation and the final order in favor of the landlord the tenant has appealed to this court.

Concededly there were certain irregularities in the petition and in the notice to vacate the premises. The tenant was a statutory tenant paying rent monthly in advance and under section 232-a of the Real Property Law he should not be removed unless at least thirty days before the expiration of his term a notice in writing is served upon him in the same manner as a precept in summary proceedings, giving him notice to move when his term expires.

The situation presents the familiar question of the various meanings of jurisdiction. Granting all the possible defects which could be claimed by the tenant, nevertheless, we have a situation where the Municipal Court has complete jurisdiction over the subject matter of summary proceedings.

There is nothing to prevent a tenant from accepting a lesser notice than section 232-a of the Real Property Law prescribes or from accepting service in a manner other than is provided

by statute. That was done by the tenant when, with knowledge of the irregularity, he appeared generally in the proceeding and stipulated in court to vacate the premises and consented to the entry of a final order. The Commercial Rent Law provides that a landlord in order to obtain possession for his own use must have a 25% equity in the property. The tenant is not permitted to waive the requirements of the emergency rent statute. But this does not preclude the tenant, acting on the advice of his counsel, from agreeing in open court before a judge of competent jurisdiction, that his landlord has met the requirements of the statute and consenting to the entry of a final order with a stay of the execution thereof. The petition alleged compliance with the emergency rent statute and the tenant did not take issue with such allegations. That does not constitute the kind of waiver which the statute was designed to prohibit.

The final order and order should be affirmed, with $25 costs.

HECHT, J. (dissenting). It appears on the face of the affidavit of the landlord's attorney in opposition to the motion to vacate the final order entered on consent that the attorney " caused to be served on the tenant " a notice to vacate the premises " within 30 days from the date of the receipt of the notice " which notice, affiant states, was received by the tenant on or before March 11, 1946; and it is undisputed that the notice was served by mail.

The tenant held over as a statutory tenant, paying the rent monthly in advance for February and March, 1946, and the summary proceeding was begun April 2, 1946.

Section 232-a of the Real Property Law provides that no monthly tenant or tenant from month to month in the city of New York shall be removed unless at least thirty days before the expiration of his term the landlord serves upon him a notice in writing in the same manner as a precept in summary proceedings is allowed to be served by law that unless he removes when his term expires the landlord will commence a proceeding under the statute for his removal.

Manifestly there was no compliance with the statute in this instance, for the tenant's monthly term, renewed by holding over, had not expired when the proceeding was begun, and, as stated, the notice was served by mail.

In *Beach* v. *Nixon* (9 N. Y. 35), a summary proceeding for holding over the term based on breach of condition, the court said (p. 37) : " The only remaining point is whether the covenant contained at the end of the lease either confers jurisdiction to

proceed under the statute in respect to summary proceedings, or precludes the lessee from objecting for the want of jurisdiction. The law and not the consent of parties confers jurisdiction, and that rule could have no practical force, if consent given in whatever form could preclude inquiry as to the lawfulness of the jurisdiction.'' Insofar as the question presented on this appeal is concerned the jurisdiction of the Municipal Court is simply jurisdiction in '' a summary proceeding authorized by the civil practice act to recover possession of real property '' (N. Y. City Mun. Ct. Code, § 6, subd. 2; L. 1915, ch. 279), and that court is bound by the controlling decisions with respect to jurisdiction of the subject matter, as distinguished from jurisdiction of the person, in such proceedings (*Riesenfeld, Inc.,* v. *R-W Realty Co., Inc.,* 223 App. Div. 140; *Kleinstein* v. *Gonsky,* 134 App. Div. 266; *Gilroy* v. *Becker,* 186 Misc. 93).

Further, in this instance the tenant's consent was a waiver of the provisions of the emergency statute in that (1) under that act the tenant was entitled to remain in possession as long as he paid the rent, and (2) resort to eviction, under the exception permitting such proceeding, was conditioned upon the termination of the statutory monthly tenancy following the expiration of the lease; and by section 12 of the Act any waiver of its provisions '' shall be unenforceable and void '' as matter of public policy (L. 1945, ch. 315).

There was no element of estoppel here, as in *Hoske* v. *Gentzlinger* (87 Hun 3) and *A. N. P. Realty Co., Inc.,* v. *Tunick* (115 Misc. 190), where the tenant had given prior notice to the landlord that he would quit the premises at the end of the month. (See *Rogan* v. *Weiss,* 115 Misc. 193.)

The order should be reversed, with $10 costs, and motion granted, and final order vacated.

HAMMER, J., concurs with SHIENTAG, J.; HECHT, J., dissents in opinion.

Orders affirmed.