Harold Fertig, J.
Petitioner landlord brings this summary proceeding to recover possession of apartment 6Y of 150 Washington Street, Hempstead, New York. On March 9, 1977 the landlord notified the tenant that she was in violation of the terms of her lease by permitting disturbing noises in her apartment. The tenant occupies the apartment with another person and the court finds that they did permit an excessive amount of noise, particularly from a stereo radio, to disturb the occupant of the adjoining apartment. This persisted on many occasions between the hours of 11:00 p.m. and 8:00 a.m. and after notification by the adjoining tenant and the landlord. It violated rule 5 as referred to in paragraph "Seventh” of the lease between the parties.
Upon the giving of three days’ or more notice the term of the lease expired justifying this proceeding for holding over. (Martin v Crossley, 46 Misc 254; Rasch, New York Landlord and Tenant [2d ed], § 752.) Usually, the ending of a lease by the exercise of the landlord’s option after a condition is broken is the "termination” and not the "expiration” of the term. (Benner v Coury, 106 NYS2d 857; Kramer v Amberg, 15 Daly 205, affd 115 NY 655.)
Summary proceedings may be brought to remove a tenant who continues in possession after expiration of his term (Real Property Actions and Proceedings Law, § 711). The ending of a lease by the exercise of the landlord’s action, after a condition is broken, is the termination, and not the expiration of the term (Rasch, New York and Tenant [2d ed], § 747).
It was originally held that summary proceedings will not lie where the landlord is seeking to recover possession on account of a breach by the tenant of some condition in the lease. (Kramer v Amberg, supra.) However, since a notice to vacate is necessary, it is not the violation of the lease that terminates the lease. That is the condition precedent, and the notice sent by the landlord makes it a conditional limitataion. In Martin v Crossley (supra), the court held that it was the notice not the breach which operated upon the lease, and upon giving notice, the term of the lease expired justifying a proceeding to dispossession for holding over. In this case the notice was a conditional limitation creating an expiration rather than a *240 termination and a summary proceeding is available to the landlord to obtain possession from tenant as a holdover.
The only other question which is left to the court to decide is whether the statement in the petition referring to a "thirty day” written notice, whereby the notice was for less than 30 days as provided in the lease (three days), is such a defect as to fail to give the court jurisdiction of the proceeding. The court does not find such a defect to exist. By attaching an actual copy of the notice to the petition any defects which might have been indicated on the petition were cured. (Lutzker v King; 190 Misc 670) and the tenant could not have been prejudiced in any manner.
In any event, the tenant appeared and went to trial on the merits, thereby waiving any defects of the notice which may have occurred. (Matter of D'Agostino v Bernabel, 269 App Div 853; Hecht Co. v Kuerner, 188 Misc 519.)
Accordingly, this court finds for the petitioner and awards possession of the demised premises to the petitioner with a stay of execution until April 29, 1977. The landlord’s request for use and occupation is granted and landlord shall have judgment for the fair value of use and occupancy based upon a rate of $263 per month (Real Property Actions and Proceedings Law, § 741).